FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC., Appellant,

v.

HALLECK et al., Appellees.*

[Cite as *Fraternal Order of Police, Ohio Labor Council, Inc. v. Halleck* (2001), 143 Ohio App.3d 171.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 99–CO–71.

Decided May 11, 2001.

*Paul L. Cox* and *Gloria Smith,* for appellant.

*Mark J. Skakun, Victor T. Geraci* and *Walter A. Lucas,* for appellees.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (2001), 93 Ohio St.3d 1413, 754 N.E.2d 260.

GENE DONOFRIO, Judge.

Plaintiff-appellant, Fraternal Order of Police, Ohio Labor Council, Inc., appeals from a judgment entered in the Columbiana County Court of Common Pleas dismissing case No. 97–CV–631 and vacating the arbitration award in case No. 97–CV–722.

Appellant and the Columbiana County Sheriff were involved in contract negotiations and reached impasse. Since they could not reach an agreement, the matter proceeded before the State Employment Relations Board ("SERB"). Appellant and the sheriff eventually reached an agreement. The SERB fact finder recommended that the agreement be incorporated into the collective bargaining agreement ("CBA"). However, the county commissioners, who are the funding authority for the sheriff, refused to sign it.

Since the commissioners refused to sign the CBA, the issue proceeded before a SERB conciliator. The conciliator's award upheld the parties' agreement and the fact finder's recommendation. Accordingly, appellant and the sheriff executed the CBA to be effective from January 1, 1995 to December 31, 1997. However, the commissioners never signed it.

In February 1997, the sheriff laid off forty-two bargaining unit employees, including corrections officers, cooks, sergeants, and program coordinators, and then immediately recalled seventeen of those employees. The CBA provided that the sheriff could lay off employees for either a lack of work or a lack of funds. The sheriff claimed that he had both a lack of work and a lack of funds.

On July 21, 1997, appellant filed a complaint against defendants-appellees, the commissioners, the county auditor, and the sheriff, seeking a declaratory judgment binding the commissioners to the CBA and an order reinstating the remaining laid-off employees (case No. 97–CV–631). The complaint alleged that the commissioners and auditor required the sheriff to use $ 1.2 million dollars of his budget to house inmates outside Columbiana County. It further alleged that due to this allocation of funds, the sheriff was forced to lay off bargaining-unit employees.

Appellant also filed three grievances as a result of the layoffs. The first grievance alleged that the sheriff violated the CBA by issuing layoff notices to a number of employees on the grounds of lack of work and lack of funds, when in fact there was no shortage of work or funds. The second grievance alleged that as a result of the layoff notices, three corrections positions were filled by nonbargaining-unit employees in violation of the CBA. The third grievance alleged that Corrections Officer Melvin Jordan was laid off when a less senior employee remained employed in violation of the CBA.

A hearing was held before an arbitrator, and the arbitrator issued his opinion on August 15, 1997. The arbitrator denied the grievance concerning Melvin Jordan. He sustained the other two grievances. The arbitrator found that the sheriff violated the CBA by filling three corrections positions with nonbargaining-unit employees. The arbitrator also found that there was neither a lack of work nor a lack of funds to justify the layoffs.

The arbitrator made the following awards. The three most senior corrections officers who were laid off and not immediately called back were to be paid all wages and benefits they would have received had they been properly assigned to perform the corrections officers' duties delegated to nonbargaining-unit employees, less unemployment compensation. The other bargaining-unit employees who were laid off on February 21, 1997, were to be immediately reinstated to their former positions if they had not already been recalled and were to be paid their respective wages and benefits, less unemployment compensation received, with seniority rights unimpaired from the date of their layoff to the date of their reinstatement.

Appellant filed a notice of application to confirm the arbitrator's award (case No. 97–CV–722). This case was consolidated with case No. 97–CV–631. A trial was held on these two cases. In its judgment entry of October 18, 1999, the trial court dismissed case No. 97–CV–631 and vacated the arbitration award in case No. 97–CV–722. It is from this decision that appellant seeks relief.

Appellant alleges two assignments of error, which will be addressed together. The first assignment of error states:

"The court of common pleas erred to the prejudice of the appellant in granting the motion to vacate in case number 97CV722 and in dismissing case number 97CV631 by exceeding the limited scope of judicial review permitted under O.R.C. Chapter 2711."

Appellant argues that the arbitrator did not abuse his authority in rendering his award. It asserts that when parties enter into a collective bargaining agreement, which states that disputes are to be submitted to final and binding arbitration, they are bound by the arbitrator's award and that every effort should be made to confirm these awards. Appellant argues that appellees did not show a sufficient cause for the trial court to vacate the arbitrator's award. It argues that the trial court should have confirmed the arbitrator's award upon its motion since appellees failed to file a motion to vacate the arbitrator's award.

Appellant's second assignment of error states:

"The court of common pleas erred to the prejudice of the appellant where it abused its authority by reviewing the underlying merits of the arbitral dispute and substituting the courts [*sic*] judgment for that of the arbitrators."

Appellant argues that the trial court improperly admitted evidence that should have been submitted to the arbitrator. Appellant voiced a continuing objection to the admission of this evidence. Appellant argues that the trial court abused its authority by finding that the evidence supported a finding that the sheriff's department had a lack of funds and a lack of work when the arbitrator had already determined that it did not.

Appellant further argues that the trial court improperly substituted its judgment for that of the arbitrator. It argues that the parties bargained for the arbitrator's interpretation of the CBA; therefore, the arbitrator's interpretation must prevail.

In response, appellees argue that the arbitrator exceeded the scope of his authority by rendering findings against the commissioners. Appellees argue that the commissioners were never a party to the CBA, nor were they provided an opportunity to offer evidence at the arbitration hearing. They claim that the arbitrator's award does not draw its essence from the CBA and therefore was properly vacated.

The jurisdiction of the courts to review arbitration awards is narrow and limited pursuant to legislative decree. *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456. When a party to an arbitration award makes a timely motion pursuant to R.C. 2711.09 to confirm the award, the court must grant the motion unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown. *Id.* at syllabus.

R.C. 2711.09 states:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court *shall grant* such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.)

R.C. 2711.13 states:

"After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

"Notice of a motion to vacate, modify, or correct an award *must* be served upon the adverse party or his attorney within three months after the award is

delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." (Emphasis added.)

When read together, R.C. 2711.09 and R.C. 2711.13 state that upon application of a party to confirm an arbitrator's award, the court must confirm the award unless another party files a motion to vacate, modify, or correct the award.

■ In the present case, the trial court vacated and corrected the award. However, it was without jurisdiction to do so, since appellees never filed a motion to vacate or correct the award.

The Ohio Supreme Court stated in *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL–CIO, Local No. 2243* (1995), 71 Ohio St.3d 620, 622, 646 N.E.2d 813, 815, "In our view, the language of R.C. 2711.13 is clear, unmistakable, and above all mandatory." The court went on to hold that R.C. 2711.13 provides a three-month period in which to file a motion to vacate, modify, or correct an arbitration award, and if an application is not filed within this time frame, the trial court lacks jurisdiction to vacate, modify, or correct the award. *Id.*

In the case *sub judice*, appellant filed a timely motion to confirm the arbitrator's award on September 2, 1997. Appellees never filed a motion to vacate, modify, or correct the arbitrator's award, nor did they serve a notice of such motion upon appellant. Appellees filed only an answer to appellant's motion to confirm on October 27, 1997, in which they asserted as an affirmative defense that the arbitrator's award should be vacated.

In *Land & Lake Dev., Inc. v. Lee Corp.* (Nov. 29, 1999), Defiance App. No. 4–99–10, unreported, 1999 WL 1072694, the Third Appellate District faced a similar situation. In that case, the trial court modified an arbitrator's award when no motion to modify had been filed and only a motion to confirm had been filed. The court of appeals reversed the trial court's decision and remanded the case with instructions to confirm the arbitrator's award. As in the present case, the appellee filed only a "response" to the application for confirmation. The court stated that the appellee's "response" was in the nature of an answer, not a "motion" to modify the award. *Id.* at *4. The court went on to say that the appellee's pleading was a responsive pleading to the appellant's motion for confirmation and that R.C. 2711.13 required the filing of a proactive motion. *Id.*

Since appellees never filed a motion to vacate or a motion to correct the arbitrator's award, the trial court was without jurisdiction to vacate and correct the award. The trial court was obligated to confirm the arbitrator's award.

Accordingly, the trial court's decision is hereby reversed and the decision of the arbitrator is reinstated.

*Judgment reversed*
*and decision reinstated.*

WAITE and DEGENARO, JJ., concur.