JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Martin S. Stancik, Jr. ("Stancik"), appeals the judgment of the Cuyahoga County Common Pleas Court that confirmed an arbitration award in favor of plaintiff-appellee, Asset Acceptance LLC ("Asset Acceptance"). For the reasons that follow, we affirm.
 {¶ 2} The record reveals that Asset Acceptance filed an Application for an Order Confirming Arbitration Award on January 22, 2003, wherein it sought to enforce a $39,469.72 award it received as a result of an arbitration proceeding involving Stancik. Apparently, the award represents the amount Stancik owed on a credit card issued through MBNA and assigned to Asset Acceptance. Stancik filed an "Answer and Counterclaim" on February 18, 2003 in which he generally denied owing the debt, attacked the arbitration process and, by way of counterclaim, sought $100 million in damages not only against Asset Acceptance, but also against non-parties National Arbitration Forum and the law firm of Wiseman and Klemenok.
 {¶ 3} Asset Acceptance moved for summary judgment on July 24, 2003 and Stancik filed his opposition brief on July 30, 2003. Asset Acceptance thereafter filed a motion to dismiss Stancik's counterclaim on February 26, 2004. The court ultimately granted both of Asset Acceptance's motions.
 {¶ 4} Stancik is now before this court and assigns nine assignments of error for our review. Several of the assigned errors are related and are, therefore, discussed together where appropriate.
 I. {¶ 5} In his first, third and sixth assignments of error, Stancik complains that the trial court prematurely issued its summary judgment ruling and, by doing so, failed to consider his purported subsequently filed responsive pleading. He claims that the court issued its ruling five days earlier than the due date for his responsive brief.
 {¶ 6} Stancik confuses the court's directives. The March 1, 2004 journal entry to which he refers is directed at Asset Acceptance's motion to dismiss, not its motion for summary judgment. To be sure, Asset Acceptance filed its summary judgment motion in July 2003, and Stancik responded within the same month. The trial court rendered its ruling in an entry journalized on March 9, 2004. Consequently, it cannot be said that the trial court failed to consider Stancik's opposition to Asset Acceptance's motion for summary judgment.
 {¶ 7} Even if we were to construe Stancik's assignment of error as one directed at the court's ruling on the motion to dismiss, Stancik cannot prevail. Stancik correctly states that the court ordered him to file his response to Asset Acceptance's motion to dismiss by March 12, 2004. Stancik filed his responsive brief on March 9, 2004. The court thereafter ruled on the motion to dismiss on March 30, 2004 and dismissed Stancik's counterclaim. It, therefore, cannot be said that the court prematurely issued its ruling on the motion to dismiss without considering Stancik's opposition brief.
 {¶ 8} Accordingly, Stancik's first, third and sixth assignments of error are not well taken and are overruled.
 II. {¶ 9} Stancik's second, fourth, fifth and seventh assignments of error, all directly challenge the arbitration process and certain findings made by the arbitrator and, thereafter, the trial court. In particular, Stancik contends in his second assignment of error that the trial court erred in finding that MBNA assigned all rights to Stancik's account to Asset Acceptance. His third assignment of error asserts a claim for fraud on the part of Asset Acceptance and the arbitrator, while Stancik's seventh assignment of error complains of the irregularities in the arbitration process.
 {¶ 10} When a timely motion is made pursuant to R.C. 2711.09
to confirm an arbitration award, the court must grant it, unless a motion for modification or vacation has been made that demonstrates cause to modify or vacate the award. Warren Edn.Assn. v. Warren City Bd. of Edn. (1985) 18 Ohio St.3d 170, syllabus; see, also, See State ex rel. Kralik v. Zwelling,101 Ohio St.3d 134, 2004-Ohio-301, at ¶ 10. A motion or application to confirm an award is timely if it is filed within one year of the arbitration award. R.C. 2711.09. A motion to vacate an award must be filed within three months of the award. R.C. 2711.13.
 {¶ 11} A trial court does not err in vacating an award if it could be demonstrated that (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption on the part of the arbitrators, or any of them; (3) the arbitrators were guilty (a) of misconduct in refusing to postpone the hearing, upon sufficient cause shown; (b) in refusing to hear evidence pertinent and material to the controversy or (c) of any other misbehavior by which the rights of any party have been prejudiced; (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. See R.C. 2711.10.
 {¶ 12} Succinctly, the arbitration procedure set forth in R.C. Chapter 2711 authorizes a limited and narrow judicial review of an arbitration award. Lake Cty. Bd. of Mental Retardation Dev. Disabilities v. Professional Assn. for the Teaching of theMentally Retarded (1994), 71 Ohio St.3d 15, 19. Indeed, R.C.2711.10 limits judicial review to claims of fraud, corruption, misconduct, an imperfect award or that the arbitrator exceeded his or her authority. Goodyear Tire Rubber Co. v. Local UnionNo. 200, United Rubber, Cork, Linoleum and Plastic Workers ofAmerica (1975), 42 Ohio St.2d 516, paragraph two of the syllabus. A de novo review of the merits of the dispute is not within the contemplation of the statute. Buyer's First Realty,Inc. v. Cleveland Area Bd. of Realtors (2000),139 Ohio App.3d 772, 784.
 {¶ 13} In this case, Asset Acceptance filed an application to confirm an arbitration award. Stancik failed to file a motion to vacate the award under R.C. 2711.10. Instead, Stancik filed a counterclaim attacking not only the award, but the arbitration process.
 {¶ 14} A counterclaim asking for new relief is not a motion to vacate the award. Although, the First Appellate District inNolan v. Kaye (Nov. 6, 1985), 1st Dist. No. C-840721, 1985 Ohio App. Lexis 8151, construed a counterclaim, filed in response to an application to confirm an arbitration award, as a motion to vacate the award, the case is distinguishable from the facts here. The defendant in Nolan did not seek monetary damages as Stancik does in this case. The instant case is similarly distinguishable from Niles Bd. of Edn. v. Niles ClassroomTeachers Assn. (Dec. 12, 1997), 11th Dist. No. 96-T-5586, 1997 Ohio App. Lexis 5569. The defendant in Niles filed a counterclaim in response to a motion to vacate an arbitration award. The counterclaim, however, sought to confirm the award, which is the type of relief authorized under R.C. Chapter 2711.
 {¶ 15} Moreover, R.C. 2711.05 mandates that applications for orders under R.C. 2711.01 to R.C. 2711.15, inclusive, "be made and heard in the manner provided by law for the making and hearing of motions * * *." Consequently, a counterclaim for damages in response to an application to confirm an arbitration award is not authorized by statute and the trial court did not err in concluding as much.
 {¶ 16} Stancik's only recourse in challenging the arbitration award was to file a motion to vacate under R.C. 2711.10. Even then, his challenge would have been limited by the confines of that statute. As is relevant to this case, Stancik's arguments that the award was fraudulently procured and that the arbitrator may have engaged in misconduct are examples of appropriate challenges under R.C. 2711.10. See R.C. 2711.10(A).
 {¶ 17} Many of the arguments raised in Stancik's brief on appeal, however, and those raised for the first time at oral argument, directly attack the authority of Asset Acceptance to collect the debt owed to MBNA. Although some of these arguments may have been appropriate to address in a properly framed motion to vacate the award, many of Stancik's arguments should have been raised at the arbitration hearing. Stancik represented at oral argument that he did not attend the arbitration hearing, despite being given the opportunity to participate telephonically. Stancik's decision not to participate at that time does not entitle him now to raise those arguments that would have been more appropriately addressed at the arbitration hearing.
 {¶ 18} Because Stancik failed to address several of these arguments either at the arbitration hearing itself or in a properly framed motion to vacate the arbitration award, he cannot now complain that the arbitration award was obtained through fraud or that the arbitrator engaged in misconduct.
 {¶ 19} Stancik's second, fourth, fifth and seventh assignments of error are not well taken and are overruled.
 III. {¶ 20} In his eighth assignment of error, Stancik requests that the handwritten notes of the trial judge be produced for this court's review because there was no transcript made of the proceedings below.
 {¶ 21} The record does not indicate that there was a hearing on either the motion for summary judgment or the motion to dismiss. If Stancik is referring to the various case management conferences or pre-trials that the court held, then it was his responsibility to insure that a verbatim record was made if that was his intent. See R.C. 2301.20. Stancik's recourse in the absence of a transcript would have been to file an App.R. 9(C) statement of evidence, if the proceedings were evidentiary in nature. None has been filed.
 {¶ 22} Nonetheless, handwritten notes made by the trial judge for the judge's own use during the course of proceedings are not part of the official record and are not subject to disclosure.See State ex rel. Steffen v. Kraft (1993), 67 Ohio St.3d 439,439; see, also, State ex rel. Cranford v. Cleveland,103 Ohio St.3d 196, 2004-Ohio-4884. "Such notes are simply personal papers kept for the judge's own convenience and [are] not official records." Id. at 440.
 {¶ 23} Stancik's eighth assignment of error is not well taken and is overruled.
 IV. {¶ 24} In his ninth assignment of error, Stancik complains that he was denied discovery.
 {¶ 25} Despite the court's limited review of an arbitration award, the trial judge here established discovery cut-off dates. Proceedings involving the confirmation or vacation of an arbitration award are special statutory proceedings to which the civil rules apply, unless "by their nature" they are "clearly inapplicable." See Buyer's First Realty,139 Ohio App.3d at 782; Civ.R. 1(C). Because the rules pertaining to discovery are not clearly inapplicable in this case, Stancik's recourse would have been to compel discovery as authorized under Civ.R. 37. Stancik failed to do so and cannot now complain that he was denied discovery.
 {¶ 26} Stancik's ninth assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., and Rocco, J., concur.