[Cite as *Brooklyn Estates Homeowners' Assn. v. Miclara, L.L.C.*, 2018-Ohio-2012.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| BROOKLYN ESTATES | : | |
| HOMEOWNERS' ASSOCIATION, | : | |
| | : | Case No. 17CA3605 |
| Plaintiff-Appellant | : | |
| | : | |
| v. | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| MICLARA, LLC, | : | |
| | : | |
| Defendant-Appellee. | : | RELEASED 05/18/2018 |

_____

APPEARANCES:

Derek L. Graham and Ilya L. Polyakov, Onda, LaBuhn, Rankin & Boggs Co., LPA, Columbus, Ohio, for plaintiff-appellant.

Jeffrey A. Eyerman and Robert J. Behal, The Behal Law Group LLC, Columbus, Ohio, for defendant-appellee.

_____

Hoover, P.J.

{¶1}    Plaintiff-appellant, the Brooklyn Estates Homeowners' Association ("Appellant"), appeals from a judgment of the Ross County Court of Common Pleas, which denied Appellant's application to confirm an arbitration award and instead vacated the award. Although defendant-appellee, Miclara, LLC ("Appellee"), filed a response in opposition to Appellant's application, the trial court treated it as a motion to vacate the arbitrator's decision. On appeal, Appellant contends that the trial court erred (1) by vacating the arbitrator's decision without a motion to vacate and (2) by vacating the arbitration award under the incorrect standard of review. For the following reasons, we find that the trial court erred as a matter of law by vacating the arbitrator's

decision without a motion as prescribed in R.C. 2711.13 and without reviewing the decision under R.C. 2711.10(D). Accordingly, we reverse the judgment of the trial court.

## I. Facts and Procedural History

{¶2}     In 2003, the Brooklyn Estates Subdivision was established in Ross County and a Declaration of Covenants, Easements, Restrictions and Assessment Lien ("Declaration") was recorded with the Ross County Recorder. Appellant governs the Brooklyn Estates Subdivision, which consists of eighteen lots and a large common area of approximately 29.293 acres. The common area, with its fields, wooded land, and large pond, adds substantial value to the property for its residents.

{¶3}     Appellee purchased and owns "Lot 12" of the Brooklyn Estates Subdivision. Thereafter, a dispute arose as to whether Appellee could use the Brooklyn Estates Subdivision's common area for commercial purposes.

{¶4}     Appellant elected to pursue arbitration, pursuant to Article XI, Section 2 of the Declaration, which provides in pertinent part that:

> Notwithstanding the foregoing, in the event of any dispute between the
>
> Association and any lot owner or occupant, other than with regard to assessments,
>
> that cannot be settled between them, the matter shall first be submitted to
>
> arbitration in accordance with, and pursuant to, the arbitration law of Ohio then in
>
> effect (presently Chapter 2711 of the Revised Code of Ohio), by a single
>
> independent arbitrator selected by the Board.

{¶5}     After conducting the arbitration proceeding on September 16, 2016, the arbitrator, J. Stephen Teetor, entered an arbitration award on November 21, 2016. Arbitrator Teetor found,

in relevant part, that: (1) arbitration was binding; and (2) Appellee was not permitted to use the common area for commercial use.

{¶6}    Pursuant to R.C. 2711.09, Appellant filed an "Application for Order Confirming Arbitration Award" on January 18, 2017. Appellee filed a response in opposition on February 17, 2017, asking that the petition be dismissed. Because Appellee filed its response within the time frame contemplated by R.C. 2711.13, the trial court treated it as a "motion" to vacate the award.

{¶7}    In its judgment entry, the trial court found that the provision at issue—Article XI, Section 2 of the Declaration—provided for non-binding arbitration as the first step in dispute resolution. Because the provision was non-binding, the trial court denied Appellant's application and vacated the arbitration award.

## II. Assignments of Error

{¶8}    On appeal, Appellant assigns the following errors for our review:

Assignment of Error I:

> The trial court erred in vacating the arbitrator's decision in violation of R.C. 2711.10 and without a motion to vacate by Appellee.

Assignment of Error II:

> The trial court misapplied the standard of review for arbitration awards and thus erred in vacating Arbitrator Teetor's award and by denying Appellant's petition to confirm the arbitrator's award.

## III. Law and Analysis

### A. Standard of Review

{¶9}    As the Ohio Supreme Court recently held: "[W]hen reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions

of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 2018-Ohio-1590, --N.E.3d--, ¶ 26.

## B. Vacating an Arbitration Award

{¶10}  Appellant asserts two assignments of error. We will address them in tandem.

{¶11} A reviewing court cannot easily overturn an arbitrator's award. *Bd. of Trustees of Miami Twp. v. Fraternal Order of Police, Ohio Labor Council*, 81 Ohio St.3d 269, 273, 690 N.E.2d 1262 (1998). "Because Ohio law favors and encourages arbitration, courts only have limited authority to vacate an arbitrator's award." *Fraternal Order of Police Capital City Lodge No. 9 v. Reynoldsburg*, 10th Dist. Franklin Nos. 12AP-451, 12AP-452, 2013-Ohio-1057, ¶ 22, citing *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278, 793 N.E.2d 484, ¶ 13. Pursuant to the revised code, a trial court must confirm an arbitrator's award if it does not modify, correct, or vacate the award. R.C. 2711.09.

{¶12}  In order to have an arbitrator's award vacated, modified, or corrected:

After an award in an arbitration proceeding is made, any party to the arbitration *may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award* as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. * * *

(Emphasis added.) R.C. 2711.13. The Ohio Supreme Court has found the language of R.C. 2711.13 to be "clear, unmistakable and, above all, mandatory." *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL-CIO, Local No. 2243*, 71 Ohio St.3d 620, 622, 646 N.E.2d 813 (1995).

{¶13}  In the case sub judice, Appellant filed a timely motion to confirm the arbitrator's award on January 18, 2017. Appellee never filed a motion to vacate, modify, or correct the arbitrator's award, nor did it serve a notice of such motion to Appellant. Instead, Appellee filed an answer to Appellant's motion to confirm on February 17, 2017. In its answer, Appellee asserted that Appellant's motion should be dismissed because the arbitration provision was non-binding and was therefore unenforceable.

{¶14}  Other appellate courts have addressed this issue. In *Fraternal Order of Police, Ohio Labor Council, Inc. v. Halleck*, 143 Ohio App.3d 171, 175, 757 N.E.2d 831 (7th Dist.), the Seventh District found appellee's answer to appellant's motion to confirm did not constitute a motion to vacate the arbitrator's award. Similarly, in *Land & Lake Dev., Inc. v. Lee Corp.*, 3d Dist. Defiance No. 4-99-10, 1999 WL 1072694, *4 (Nov. 29, 1999), the Third District found appellee's response was "an answer; a responsive pleading, not a 'motion' to modify the award."

{¶15}  Since Appellee never filed a motion to vacate, the trial court was without jurisdiction to vacate the arbitrator's award. Absent a motion to vacate or modify, the trial court was obligated to confirm the arbitrator's award. *Halleck* at 175.

{¶16}  Assuming, *arguendo*, that Appellee's response constituted a "motion" to vacate, the trial court still erred in vacating the award. Although Appellee filed the motion within the three-month period required under R.C. 2711.13, an arbitrator's award can only be vacated if:

(A) The award was procured by corruption, fraud, or undue means.

(B) There was evident partiality or corruption on the part of the arbitrators, or any

of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing,

upon sufficient cause shown, or in refusing to hear evidence pertinent and

material to the controversy; or of any other misbehavior by which the rights of

any party have been prejudiced.

*(D) The arbitrators exceeded their powers, or so imperfectly executed them that a*

*mutual, final, and definite award upon the subject matter submitted was not made.*

(Emphasis added.) R.C. 2711.10.

{¶17} "An arbitrator exceeds his or her authority in rendering an award if the award

does not draw its essence from the [agreement]." *Reynoldsburg*, 2013-Ohio-1057, at ¶ 23, citing

*Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati*, 63

Ohio St.3d 403, 406, 588 N.E.2d 802 (1992). An arbitrator's award departs from the essence of

the agreement when: "(1) the award conflicts with the express terms of the agreement, and/or (2)

the award is without rational support or cannot be rationally derived from the terms of the

agreement." *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11,*

*AFSCME, AFL–CIO*, 59 Ohio St.3d 177, 572 N.E.2d 71 (1991), syllabus.

{¶18} An arbitrator's award draws its essence from an agreement "when there is a

rational nexus between the agreement and the award, and where the award is not arbitrary,

capricious, or unlawful." *Reynoldsburg* at ¶ 23, citing *Mahoning City Bd. of Mental Retardation*

*& Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 488 N.E.2d 872

(1986), paragraph one of the syllabus. "Once it is determined that the arbitrator's award draws its

essence from the [agreement] and is not unlawful, arbitrary, or capricious, a reviewing court's

inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end."
*Bd. of Edn. of the Findlay City School Dist. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129, 551 N.E.2d 186 (1990), paragraph two of the syllabus (superseded by statute on other grounds as noted in *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emps., AFL-CIO*, 61 Ohio St.3d 658, 662, 576 N.E.2d 745 (1991)).

{¶19} " '[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.' " *Summit City Bd. of Mental Retardation & Dev. Disabilities v. Am. Fedn. of State, Cty. & Mun. Emps.,* 39 Ohio App.3d 175, 176, 530 N.E.2d 962 (9th Dist.1988), quoting *United Paperworkers Internatl. Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Thus, "[a]n arbitrator's award is not subject to reversal simply because the reviewing court disagrees with the arbitrator's findings of fact or with his interpretation of the contract." *Jackson Cty., Ohio Sheriff v. The Fraternal Order of Police Ohio Labor Council, Inc.,* 4th Dist. Jackson No. 02CA15, 2004-Ohio-3535, ¶ 17, citing *Goodyear Tire & Rubber Co. v. Local Union, No. 200*, 42 Ohio St.2d 516, 520, 330 N.E.2d 703 (1975).

{¶20} In his Findings of Fact, Conclusions and Decision, Arbitrator Teetor addressed whether the arbitration provision at issue—Article XI, Section 2 of the Declaration—was binding, stating:

> To the extent that any reviewing Court may address this issue, the undersigned concludes that *the arbitration is, in fact, binding*. While Article XI, Section 2 does not specifically state that these proceedings are binding, that provision does require the arbitration to be in accordance and pursuant to Chapter 2711, Ohio

Revised Code. That Chapter provides for finality by arbitration and a specific

method for modifying or vacating an arbitration award, all consistent with the

purpose of arbitration to provide an expedited and economical way to reach

finality on disputes such as this. Further, the reference in the Declaration that the

matter 'first be submitted to arbitration' appears to be an acknowledgement that

any determination may be later reduced to judgment or modified in subsequent

legal proceedings.

(Emphasis added.)

{¶21} The trial court found "reasonable minds can differ as to the interpretation of the word 'first' in Article XI.2, rendering it an ambiguous provision subject to interpretation." (Docket No. 8, p. 3). Nowhere in its Judgment Entry did the trial court contemplate R.C. 2711.10(D) or conclude that the arbitration award did not draw its essence from the Declaration. Instead, the trial court chose to conduct an independent analysis of the issue. This type of review is improper under R.C. 2711.09 and R.C. 2711.10. *Jackson Cty. Ohio Sheriff* at ¶ 17, citing *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627*, 91 Ohio St.3d 108, 110, 742 N.E.2d 630 (2001). Since the record demonstrates that the trial court conducted an independent analysis rather than engaging in a review under R.C. 2711.10(D), the trial court erred as a matter of law. *Adams Cty./Ohio Valley Local School v. OAPSE/ADSCME, Local 572*, 2017-Ohio-6929, 94 N.E.3d 937, ¶ 29, citing *Jackson Cty., Ohio Sherriff* at ¶¶ 17–23.

### IV. Conclusion

{¶22} Because the arbitrator found the arbitration provision was binding and Appellee failed to file a motion to vacate, the trial court was obligated under R.C. 2711.09 to grant Appellant's motion to confirm the arbitrator's award. Also the trial court failed to review the

decision under R.C. 2711.10(D). Accordingly, we sustain Appellant's assignments of error and reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

                                             JUDGMENT REVERSED AND REMANDED.

Harsha, J., concurring:

{¶23}   I concur in the judgment and opinion sustaining of the homeowners' association's first assignment of error. In the absence of a motion to vacate, the trial court was compelled to grant the association's motion to confirm the arbitration award. *See Brookdale Senior Living, supra.*

{¶24}   Because the disposition resolves the appeal, we need not address the merits of the association's second assignment of error. *See State ex rel. Asti v. Ohio Dept. of Youth Serv.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C. Cir.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment) (" 'This is a sufficient ground for deciding this case, and the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further' "); *State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015-Ohio-2526, ¶ 18.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND REMANDED. Appellee shall pay costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment and Opinion as to Assignment of Error I with Opinion.


For the Court,


By: _____
       Marie Hoover, Presiding Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**