[Cite as *Brown v. Nanteeka Gloves, L.L.C.*, 2021-Ohio-1659.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CHARLES T. BROWN, | : | |
| Petitioner-Appellee, | : | |
| | | No. 109925 |
| v. | : | |
| NANTEEKA GLOVES, L.L.C., | : | |
| Respondent-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 13, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-932308

---

***Appearances:***

Roetzel & Andress, L.P.A., and E. Mark Young, *for appellee.*

Dinn, Hochman & Potter, L.L.C., Thomas A. Barni, and Andrew J. Yarger, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant, Nanteeka Gloves, L.L.C., ("Nanteeka"), appeals the trial court's judgment granting appellee, Charles T. Brown's ("Brown"), application to confirm arbitration awards. For the reasons that follow, we affirm the trial court's judgment confirming the arbitration awards.

**Procedural History and Factual Background**

**{¶ 2}** Nanteeka is a California limited liability company, with a principal place of business in San Francisco, California, owned jointly by Brown, a California resident, and Bradford Peterson ("Peterson"), a Colorado resident.[1] In 2010, Brown and Peterson, who had been friends since their youth, formed Nanteeka, with each taking on various responsibilities over the life of the company. Nanteeka manufactured and sold custom gloves and mittens.

**{¶ 3}** In the passage of time, Brown and Peterson became estranged for various and complicated reasons. Their deep friendship and affection added an emotional layer, with its own challenges and complications. As a result, their enthusiasm for their joint venture diminished and their deep mutual affection began to unravel. Lost was the harmony and energy that once drove this joint endeavor, and it became obvious that their venture together would be dissolved.

**{¶ 4}** Brown and Peterson unsuccessfully attempted, through various channels, to reach an accord on some form of sale. In October 2019, having reached an impasse, Brown and Peterson met with mediator Jerome Weiss ("Weiss") of Mediation, Inc. ("Mediation"). As mediation ensued, it became apparent, viewed through the back and forth between parties, that Brown would be the party selling

---

[1] The trial court's jurisdiction was contractually authorized pursuant to the parties binding Letter of Intent, dated December 13, 2019, wherein they consented to the entry of any arbitration award by any Ohio court. Absent the parties' consent, the trial court would have neither general nor subject matter jurisdiction over Brown, a California resident, Nanteeka, a California limited liability company with a principal place of business in San Francisco, California, and Peterson, a Colorado resident.

his interest in Nanteeka. Thus, the need arose for them to negotiate a detailed framework, wherein a sale could be effectuated.

{¶ 5} On December 13, 2019, Brown and Peterson executed a Letter of Intent ("LOI"), which laid the groundwork geared toward a final resolution, highlighting that Brown would sell his 50 percent interest back to Nanteeka. Pursuant to the LOI, Brown and Peterson agreed that the exclusive means of resolving any disputes, concerning the LOI, would be through a binding arbitration ruling issued by Mediation. In addition, by executing the LOI, Brown and Peterson expressed their intent that every provision of the LOI was a binding obligation.

{¶ 6} On February 28, 2020, the arbitrator issued a binding determination or ruling, which indicated that the closing of Brown's sale of his 50 percent stake, back to Nanteeka, would be extended to April 17, 2020. The determination also outlined Nanteeka's payment schedule as follows: (1) $100,000 at closing; (2) $60,000 by February 28, 2021; (3) $60,000 by February 28, 2022; and (4) $50,000 by September 30, 2022, for a total sale and purchase price of $270,000. On April 21, 2020, the arbitrator reconfirmed its determination.

{¶ 7} On May 4, 2020, Brown filed an application, pursuant to R.C. 2711.09, to confirm the arbitration award. On May 19, 2020, Nanteeka filed an answer, requesting a jury trial, and a counterclaim attacking the arbitration award and the arbitration process. In the counterclaim, Nanteeka raised allegations of fraud, breach of fiduciary duty, and civil conversion against Brown and requested money damages.

{¶ 8} On May 22, 2020, Brown filed a motion to strike Nanteeka's response to his application to confirm the arbitration awards. Brown argued that Nanteeka's response did not constitute a motion to vacate or motion to modify as required by R.C. 2711.10 or 2711.13. In addition, Brown argued that Nanteeka's active participation in the arbitration process, through its agent Peterson, factually and legally estopped Nanteeka from subsequently challenging the validity of the arbitration process.

{¶ 9} On August 3, 2020, after significant motion practice between the parties, the trial court issued an order confirming the arbitration awards.

{¶ 10} Nanteeka now appeals and assigns the following errors for our review:

**<u>Assignment of Error No. 1</u>**
The trial court's decision is against the manifest weight of the evidence.

**<u>Assignment of Error No. 2</u>**
The trial court erred in failing to address Nanteeka's motion to vacate.

**<u>Assignment of Error No. 3</u>**
The trial court erred when it did not hold a hearing to allow the parties to present evidence.

**<u>Assignment of Error No. 4</u>**
The arbitration award is incomplete and unenforceable without the required closing documents as written.

**<u>Assignment of Error No. 5</u>**
Nanteeka continued to work towards required closing documents to finalize the deal and to exchange assets, equipment, and inventory, Brown refused to comply.

## Assignment of Error No. 6

Brown failed to complete the closing documents for the sale of his member units of the business or failed to exchange documents, assets, equipment, and inventory.

## Law and Analysis

{¶ 11} For judicial clarity, we will address the assignment of errors out of sequence and collectively, where appropriate.

{¶ 12} In the second assignment of error, Nanteeka argues the trial court erred in failing to address its motion to vacate.

{¶ 13} Preliminarily, we note, in *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, the Supreme Court of Ohio held that when reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo. *Id.* at syllabus.

{¶ 14} We begin our discussion of this appeal by noting that voluntary termination of legal disputes by binding arbitration is favored under the law. *Cleveland v. Cleveland Police Patrolmen's Assn.,* 8th Dist. Cuyahoga No. 2016-Ohio-702, ¶ 21, citing *Cleveland v. Internatl. Bhd. of Elec. Workers Local 38*, 8th Dist. Cuyahoga No. 92982, 2009-Ohio-6223, ¶ 16, citing *Kelm v. Kelm*, 68 Ohio St.3d 26, 27, 56, 623 N.E.2d 39 (1993).

{¶ 15} Arbitration "provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." *Internatl. Bhd. of Elec. Workers Local 38*, at

*id.*, citing *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.,* 22 Ohio St.3d 80, 83, 488 N.E.2d 872 (1986). As a result, the authority of courts to vacate an arbitration award is "extremely limited." *Cedar Fair, L.P. v. Falfas,* 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, ¶ 5.

{¶ 16} In the instant case, Brown filed his application to confirm the arbitration award with the trial court pursuant to R.C. 2711.09, which provides:

> At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

*Id.*

{¶ 17} Pursuant to R.C. 2711.13, if a party is not satisfied with the arbitration award, they may file a motion to modify, vacate, or correct the award within three months after they receive the award. The motion must be based on one of the circumstances outlined in R.C. 2711.10 and 2711.11. *Galion v. Am. Fedn. of State, Cty., & Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243*, 71 Ohio St.3d 620, 622, 646 N.E.2d 813 (1995). Once the party fails to file the appropriate motion within the three-month period, the trial court is precluded from modifying or vacating the award. *NCO Portfolio Mgmt. v. Reese*, 8th Dist. Cuyahoga No. 92804, 2009-Ohio-4201, ¶ 9, citing *FIA Card Servs., N.A. v. Wey*, 8th Dist. Cuyahoga No. 90072, 2008-Ohio 2353, ¶ 7, citing *Galion, supra.*

{¶ 18} However, Nanteeka did not timely file a motion to vacate. As previously stated, Nanteeka filed an answer and counterclaim.

{¶ 19} The trial court's well-reasoned opinion stated in part that:

[i]nstead of filing a motion to vacate, [Nanteeka] filed an answer and counterclaim attacking not only the award, but the process as well. In its counterclaim, [Nanteeka] raised allegations against [Brown] of fraud, breach of fiduciary duty, and civil conversion, and moved for an award of money damages.

{¶ 20} A trial court has no jurisdiction to vacate, modify, or correct an arbitration award where a party argues to vacate the award in response to a motion to confirm the award without a separate, timely motion to vacate. *Cleveland Police Patrolmen's Assn. v. Cleveland*, 8th Dist. Cuyahoga No. 109351, 2021-Ohio-702, ¶ 17, citing *FOP, Ohio Labor Council v. Halleck*, 143 Ohio App.3d 171, 175, 757 N.E.2d 831 (7th Dist.2001) (reversing the trial court's judgment vacating an arbitration award where the appellee did not file a motion to vacate but "only filed an answer to appellant's motion to confirm"); *Brooklyn Estates Homeowners' Assn. v. Miclara, L.L.C.*, 2018-Ohio-2012, 113 N.E.3d 9, ¶ 13-15 (4th Dist.) (trial court lacked jurisdiction to vacate an arbitration award where the appellee filed only an answer to appellant's motion to confirm instead of a motion to vacate).

{¶ 21} Relying on our well-established precedent, in *Asset Acceptance, L.L.C. v. Stancik*, 8th Dist. Cuyahoga No. 84491, 2004-Ohio-6912, the trial court found that because Nanteeka did not file a motion to vacate, it failed to comply with the statutory mandate for challenging an arbitration award. In *Asset*, where a respondent filed a counterclaim for damages in response to an application to

confirm an arbitration award, we stated: "the only recourse in challenging an arbitration award was to file a motion to vacate under R.C. 2711.10. Even then, his challenge would have been limited by the confines of that statute." *Id.* at ¶ 16.

**{¶ 22}** Nonetheless, Nanteeka argues the trial court should have considered its July 15, 2020 filing styled "motion to vacate" and requesting the trial court to consider it as "a further formal Motion to Vacate the Arbitration Award."

**{¶ 23}** In this regard, the trial court's opinion stated in part that:

[o]n July 15, 2020, [Nanteeka] filed its motion to vacate. Under R.C. 2711.13, [n]otice of motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest. Here, the arbitration award was delivered on February 28, 2020. Accordingly, as [Nanteeka's] motion was filed late, after the three-month notification period had run, the Court cannot consider [Nanteeka's] motion.

**{¶ 24}** The trial court's determination was in accordance with the statute. In *Galion*, 71 Ohio St.3d 620, 622, 646 N.E.2d 813 (1995), the Supreme Court of Ohio stated, "[I]n our view, the language of R.C. 2711.13 is clear, unmistakable, and above all mandatory." The court held that "R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11." *Id.* at paragraph one of the syllabus. If such an application is not filed within that period, the trial court lacks jurisdiction to vacate, modify, or correct the award. *Id. See also BST Ohio Corp. v. Wlgang,* 8th Dist. Cuyahoga No. 108130*,* 2019-Ohio-4785, ¶ 17, citing *Galion* at *id.*

**{¶ 25}** Based on Nanteeka's failure to properly file a motion to vacate the arbitration award, the trial lacked jurisdiction to vacate, modify, or correct the award.

**{¶ 26}** Accordingly, we overrule the second assignment of error.

**{¶ 27}** In the third assignment of error, Nanteeka argues the trial court erred when it did not hold a hearing to allow the parties to present evidence.

**{¶ 28}** We have previously rejected the notion that a hearing is required before confirming an arbitration award under R.C. 2711.09, stating,

> These hearings are governed by Civ.R. 7(B), which is grounded on the premise that the parties should be given adequate notice and an opportunity to be heard. The law of this district is clear that where, as here, a party is provided ample opportunity to be heard through the pleadings process and pretrial conferences, a hearing is not required by R.C. 2711.09.

*Brookdale Senior Living v. Johnson-Wylie,* 8th Dist. Cuyahoga No. 95129, 2011-Ohio-1243, ¶ 15, citing *Strnad v. Orthohelix Surgical Designs, Inc.,* 8th Dist. Cuyahoga No. 94396, 2010-Ohio-6161, ¶ 38. *See also White v. Fitch*, 8th Dist. Cuyahoga No. 102725, 2015-Ohio-4387, ¶ 13-14.

**{¶ 29}** In the instant case, the record reveals the parties had ample opportunity to be heard through the arguments raised in their respective pleadings. As we noted previously, significant motion practice occurred before the trial court confirmed the arbitration award. Thus, a hearing was not required.

**{¶ 30}** Accordingly, we overrule the third assignment of error.

{¶ 31} Assignments of error Nos. 1, 4, 5, and 6 attack the underlying arbitration award and will be addressed collectively.

{¶ 32} As we have previously recognized, the arbitration procedure set forth in R.C. Chapter 2711 authorizes a limited and narrow judicial review of an arbitration award, and a de novo review of the merits of the dispute is not within the contemplation of the statute. *Hausser & Taylor, L.L.P. v. Accelerated Sys. Integration, Inc.*, 8th Dist. Cuyahoga No. 84748, 2005-Ohio-1017, ¶ 38, citing *Asset Acceptance L.L.C.,* 8th Dist. Cuyahoga No. 84491, 2004-Ohio-6912.  Thus, a trial court may not evaluate the merits of an award.  *Brookdale*, 8th Dist. Cuyahoga No. 95129, 2011-Ohio-1243*,* at ¶ 6.  Instead, the review determines whether the appealing party has established that the award is defective within the confines of R.C. Chapter 2711.  *Id.*

{¶ 33} Because the sum and substance of Nanteeka's attacks were outside the confines of the statute, the trial court properly declined to address those claims.

{¶ 34} Accordingly, we overrule assignments of error Nos. 1, 4, 5, and 6.

{¶ 35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.  The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR

KEYWORDS: Motion to vacate; arbitration award; application to confirm arbitration award; motion to vacate arbitration award; R.C. 2711.13; order confirming award.

Pursuant to R.C. 2711.13, if a party is not satisfied with the arbitration award, they may file a motion to modify, vacate, or correct the award within three months after they receive the award. The motion must be based on one of the circumstances outlined in R.C. 2711.10. Once the party fails to file the appropriate motion within the three-month period, the trial court is precluded from modifying or vacating the award.

Because appellant did not file a motion to vacate, the trial court properly found that it failed to comply with the statutory mandate for challenging an arbitration award. Based on appellant's failure to properly file a motion to vacate the arbitration award, the trial lacked jurisdiction to vacate, modify, or correct the award.