[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities,* Slip Opinion No. 2018-Ohio-1590.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1590

PORTAGE COUNTY BOARD OF DEVELOPMENTAL DISABILITIES, APPELLANT, *v.* PORTAGE COUNTY EDUCATORS' ASSOCIATION FOR DEVELOPMENTAL DISABILITIES, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities,* Slip Opinion No. 2018-Ohio-1590.]

*When reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo.*

(No. 2017-0696—Submitted January 24, 2018—Decided April 25, 2018.)

CERTIFIED by the Court of Appeals for Portage County,
No. 2016-P-0032, 2017-Ohio-888.

_____

**SYLLABUS OF THE COURT**

When reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should

accept findings of fact that are not clearly erroneous but decide questions of law de novo. (*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), followed.)

———————————

**O'DONNELL, J.**

**{¶ 1}** The Eleventh District Court of Appeals certified that its judgment in this case, which holds that the standard of review for appellate courts reviewing a trial court decision vacating an arbitration award is de novo, conflicts with the judgments in *Cleveland State Univ. v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 2015-Ohio-4772, 50 N.E.3d 285 (8th Dist.), and *In re Hamilton v. Internatl. Union of Operating Engineers, Local 20*, 2016-Ohio-5565, 69 N.E.3d 1253 (12th Dist.), which hold that the proper standard is abuse of discretion, and as a result, the appellate court certified the following question to us pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution and App.R. 25:

> What standard of review governs appellate review of a decision by the court of common pleas confirming, modifying, vacating, or correcting an arbitration award?

**{¶ 2}** When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but should review questions of law de novo. In conformity with our resolution of the certified question, we recognize that the court of appeals conducted a proper de novo review of the trial court's decision in this case vacating the arbitration award, reversed its decision, reinstated the arbitration award, and therefore we affirm its judgment.

**Facts and Procedural History**

{¶ 3} Patricia Byttner is a member the Portage County Educators' Association for Developmental Disabilities, and that organization is a party to a collective bargaining agreement with the Portage County Board of Developmental Disabilities.

{¶ 4} In November 2008, the board hired Byttner to fill the position of "Account Clerk 1" in its transportation department. This position required that Byttner perform bookkeeping, secretarial, and clerical duties. Although it was not part of her job description, during her interview for the position, Byttner agreed that she would substitute as a bus driver or aide in emergency situations.

{¶ 5} In August 2012, Byttner's supervisor, Jennifer Weaver, directed her to fill in as a bus aide. Byttner refused, and told Weaver that she could not squat down or secure wheelchairs on the bus due to pending scheduled knee surgery, and further stated that her job description did not require her to perform bus aide duties.

{¶ 6} Approximately two months later, the board unilaterally amended her job description and required her to serve as a vehicle operator or vehicle attendant as needed.

{¶ 7} The association subsequently filed a grievance on her behalf asserting that the board had misinterpreted the collective bargaining agreement by selectively changing Byttner's job description to include driving or acting as an attendant on a bus even though that duty was not included in any other clerical position. The board denied the grievance, and the association requested binding arbitration.

{¶ 8} Following a hearing, the arbitrator found that the board violated the collective bargaining agreement when it arbitrarily added the additional duty to the Account Clerk I classification and therefore directed the board to remove that duty from Byttner's job description. The arbitrator also determined, however, that Byttner could not arbitrarily renege on her commitment to serve as a bus driver or aide on limited occasions, but also recognized that the board had an obligation to

evaluate her ability to serve as a substitute bus driver or aide if she offered documentation establishing that she was medically unable to periodically substitute.

{¶ 9} Thereafter, the board filed a motion in the common pleas court to vacate the arbitration award, and the association filed a motion to confirm it. The trial court granted the board's motion based on R.C. 2711.10(D) because it had determined that the arbitrator departed from the essence of the collective bargaining agreement and exceeded his powers and authority.

{¶ 10} The Eleventh District Court of Appeals reversed the trial court and reinstated the arbitration award. It stated that it had reviewed "the trial court's decision de novo to determine whether any of the limited grounds contained in R.C. 2711.10 regarding a motion to vacate exist," and it held that "the trial court erred in finding that the arbitrator exceeded his authority in imposing reasonable limits that he drew from the essence of the parties' Agreement." 2017-Ohio-888, 86 N.E.3d 580, ¶ 13, 46.

{¶ 11} The court certified that its judgment conflicts with *Cleveland State*, 2015-Ohio-4772, 50 N.E.3d 285, ¶ 12, and *In re Hamilton*, 2016-Ohio-5565, 69 N.E.3d 1253, ¶ 12, where the courts of appeal concluded that the standard of review for an appellate court reviewing a trial court decision confirming or vacating an arbitration award is abuse of discretion.

{¶ 12} We determined that a conflict exists and agreed to resolve the matter. 150 Ohio St.3d 1406, 2017-Ohio-6964, 78 N.E.3d 907.

### Positions of the Parties

{¶ 13} Initially, in its brief filed in this court, the board argued that the abuse of discretion standard of review best aligns with a public policy that favors arbitration. However, in its reply brief and at oral argument, it urged the question of whether an arbitrator exceeded authority is a question of fact and that an appellate

court should accept a trial court's finding that an arbitrator exceeded his authority unless it is clearly erroneous.

{¶ 14} The association, on the other hand, asserts that an appellate court should conduct a de novo review of a trial court's judgment vacating an arbitration award because Ohio law does not grant a trial court any discretion when determining whether to confirm, vacate, or modify an arbitration award. It noted that nine of Ohio's appellate districts and the Supreme Court of the United States, applying an analogous federal statutory provision, have concluded that the proper standard of review is de novo. The association also contends that de novo review comports with Ohio's public policy favoring arbitration and that it ensures trial courts do not substitute their judgment for that of the arbitrator.

### Issue

{¶ 15} We recognize that the question regarding the standard of appellate review regarding a trial court decision confirming, modifying, vacating, or correcting an arbitration award is a matter of first impression for this court.

### Law and Analysis

*Ohio Appellate Courts*

{¶ 16} All 12 appellate districts in Ohio have addressed this question: nine have applied a de novo standard, and three have utilized abuse of discretion in these situations.

{¶ 17} Those that apply the de novo standard include: *H.C. Nutting Co. v. Midland Atlantic Dev. Co., L.L.C.*, 2013-Ohio-5511, 5 N.E.3d 125, ¶ 10 (1st Dist.); *Kettering Health Network v. CareSource*, 2d Dist. Montgomery No. 27233, 2017-Ohio-1193, ¶ 10; *Northwest State Community College v. Northwest State Community College Edn. Assn., OEA/NEA*, 2016-Ohio-8393, 79 N.E.3d 1127, ¶ 33 (3d Dist.); *Adams Cty./Ohio Valley Local School v. OAPSE/AFSCME, Local 572*, 2017-Ohio-6929, ____ N.E.3d ____, ¶ 18 (4th Dist.); *Massillon City School Dist. Bd. of Edn. v. Massillon Edn. Assn., OEA/NEA*, 2014-Ohio-3197, 17 N.E.3d 56,

¶ 23 (5th Dist.); *Bowden v. Weickert*, 6th Dist. Sandusky No. S-05-009, 2006-Ohio-471, ¶ 51; *Creatore v. Robert W. Baird & Co.*, 154 Ohio App.3d 316, 2003-Ohio-5009, 797 N.E.2d 127, ¶ 8 (7th Dist.); *Lauro v. Twinsburg*, 9th Dist. Summit No. 23711, 2007-Ohio-6613, ¶ 9; and the present case, 11th Dist. Portage No. 2016-P-0032, 2017-Ohio-888, 86 N.E.3d 580, ¶ 13.

**{¶ 18}** The appellate districts employing abuse of discretion as the standard are reported in *Cleveland State*, 2015-Ohio-4772, 50 N.E. 3d 285, ¶ 12 (8th Dist.), *Dodge v. Dodge*, 2017-Ohio-7087, ___ N.E.3d ___, ¶ 19 (10th Dist.), and *In re Hamilton*, 2016-Ohio-5565, 69 N.E.3d 1253, ¶ 12 (12th Dist.).

*Statutory Review*

**{¶ 19}** R.C. 2711.13 provides: "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award * * *." In reviewing a motion to vacate an arbitration award, courts are bound by R.C. 2711.10, which states:

> In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

{¶ 20} In *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.2d 893, ¶ 5, we stated that R.C. 2711.10 is "substantively equivalent" to 9 U.S.C. § 10, a provision of the Federal Arbitration Act, and "we have often used federal law in aid of our application of the statute," *Cedar Fair* at ¶ 5.

*National Judicial Perspective*

{¶ 21} In *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), where the Third Circuit Court of Appeals used the de novo standard to review a district court's denial of a motion to vacate a commercial arbitration award under 9 U.S.C. § 10, the Supreme Court affirmed its decision and concluded that appellate review "should proceed like review of any other district court decision finding an agreement between parties, *e.g.*, accepting findings of fact that are not 'clearly erroneous' but deciding questions of law *de novo*." *Id.* at 947-948. In rejecting an argument that an abuse of discretion standard applied, the Supreme Court noted that "courts grant arbitrators considerable leeway when reviewing most arbitration decisions; but that fact does not mean that appellate courts should give *extra* leeway to district courts that uphold arbitrators." (Emphasis sic.) *Id.* at 948.

{¶ 22} In addition, state supreme courts that have recently reviewed this question have announced standards that parallel the *First Options* standard, *i.e.*, when reviewing an arbitrator's award, an appellate court should accept findings of fact that are not clearly erroneous and review questions of law de novo. *See Vold v. Broin & Assocs., Inc.*, 699 N.W.2d 482, 2005 S.D. 80, ¶ 10 ("In examining a circuit court's order vacating an arbitration award, we review the court's findings of fact under the clearly erroneous standard, but decide questions of law de novo");

*Richey v. Autonation, Inc.*, 60 Cal.4th 909, 918, 182 Cal.Rptr.3d 644, 341 P.3d 438 (2015), fn. 1 ("As the Court of Appeal recognized, the question whether the arbitrator exceeded his powers and thus whether we should vacate his award on that basis is generally reviewed on appeal de novo").

{¶ 23} We concur with the standard set forth in *First Options* and that followed by other state supreme courts that have considered this question. When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, appellate courts are to accept findings of fact that are not clearly erroneous but decide questions of law de novo.

{¶ 24} In the instant matter, the trial court vacated the arbitration award pursuant to R.C. 2711.10(D), after it determined that the arbitrator had exceeded his powers and authority. In reversing the trial court, the court of appeals conducted a de novo review of the trial court's decision and concluded that the trial court erred in finding that the arbitrator had exceeded his authority.

{¶ 25} Applying our standard of accepting findings of fact that are not clearly erroneous, but reviewing questions of law de novo, we conclude the appellate court properly applied a de novo review of the trial court's decision because "[t]he question whether an arbitrator has exceeded his authority is a question of law * * *." *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir.2000).

**Conclusion**

{¶ 26} Accordingly, we answer the conflict question as follows: when reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo. In this case, the court of appeals properly reviewed the trial court's judgment, and therefore we affirm its judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, SADLER, FISCHER, and DEWINE, JJ., concur.

LISA L. SADLER, J., of the Tenth District Court of Appeals, sitting for O'NEILL, J.

_____

Ronald J. Habowski, for appellant.

Green, Haines, Sgambati, Co., L.P.A., Ira J. Mirkin, Charles W. Oldfield, and Danielle L. Murphy, for appellee.

_____