HALL, J., dissenting:
{¶ 83} In my opinion, the arbitrator strayed from the bargaining agreement and improperly applied his own general sense of "fairness" to limit a management right that was not subject to arbitration. In doing so, "[t]he arbitrator[ ] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10(D). Therefore, I dissent.
{¶ 84} As indicated in the majority opinion "whether an arbitrator has exceeded his authority is a question of law * * *.' " Portage Cty. Bd. of Dev. Disabilities , 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, at ¶ 25, quoting Green , 200 F.3d 967, 974 (6th Cir.2000). Here, the arbitrator determined that the conducting of an audit of eligibility for health care coverage was a management right. The audit began in September 2015. The DEA was an active participant in the audit and throughout the process did not complain that the audit, or the manner of implementation, was not a management right. They did not file their "class action" grievance until February 11, 2016. On its face then, the grievance was not timely. A grievance must be filed within 30 days after the staff member knew or should have known of the event or condition upon which the grievance is based. The DEA knew for months of the specific requirements of the documentation needed for the audit. If the DEA desired to contest the nature and extent of the third-party audit, it should have done so when it became aware of the audit process, rather than actively participating in it. Moreover, the audit emphatically demonstrated that exploitation of the benefits provided by the Board was rampant. "ConSova audited 2,531 enrolled dependents. (Doc. No. 5, Record, Board J-187) As a result of the audit, DPS dropped coverage for 571 dependents (i.e. 381 children, 12 domestic partners, and 178 spouses)." Appellant's brief at 8. More than one out of every five enrolled dependents was ineligible.
{¶ 85} With this backdrop, when the arbitrator determined that the audit was a management right, his involvement was concluded. Under the CBA and state statute, reserved management rights are not subject to arbitration, and the arbitrator was without jurisdiction to apply his own sense of reasonableness, because that was no longer supported by any nexus with the contract. The Board reserved exclusive authority *266 to exercise its management rights. "67.06 Management's Rights. All rights and powers heretofore possessed by the BOARD, except as otherwise specifically modified by the express provisions of this CONTRACT, shall be retained solely and exclusively by the BOARD." (Emphasis added). Article 67, Section 67.06, Board Ex. H-143. Management rights are also specifically preserved to management by R.C. 4117.08. In my opinion, the only logical conclusion is that, once the arbitrator determined that the audit was a management right, the inquiry was over and not subject to arbitration.
{¶ 86} The arbitrator's errant wandering is evident from his opinion and award. The arbitrator concluded that "management was within its broad management authority to verify the existing status of claimed dependents (and spouses) by initiating an audit. * * * The audit procedures and requirements are not unreasonable on their face. Sufficient time was provided for compliance with the required submissions. It was not unreasonable for ConSova to request the specific documents it wanted to use for verification." Board Ex. M-14. The arbitrator then went on to opine, without reference to any citation, precedent or standard, that he should determine "whether it was reasonable to require only the specified documents on an exclusive basis for verification when the failure to meet the specifications resulted in total loss of medical insurance coverage." Id. Not only was this diametrically opposed to the arbitrator's prior conclusion, but if an unfettered sense of "reasonableness" applied, then none of the 571 ineligible dependents should have had their insurance denied, because that was too harsh a penalty. That's absurd, unsupported by reason or logic, and not drawn from the contract. In my opinion, the arbitrator's conclusion was created out of whole cloth. It amounts to no more than second-guessing preserved management rights and, if affirmed, results in no management rights at all.
{¶ 87} I would conclude that the arbitrator exceeded his powers and imperfectly executed those powers by allowing an untimely grievance and by applying his own general sense of "fairness" to the grievants who did not comply with the objectively generous terms of the audit. I would vacate the award, and therefore dissent.