[Cite as *Norman v. Kellie Auto Sales, Inc.*, 2019-Ohio-360.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Justin Norman, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-32 |
| v. | : | (C.P.C. No. 17CV-05681) |
| Kellie Auto Sales, Inc., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 5, 2019

**On brief:** *Coffman Legal, LLC,* and *Matthew J.P. Coffman; Bryant Legal, LLC,* and *Daniel I. Bryant,* for appellee.

**On brief:** *Law Offices of Thomas Tootle Co., LPA,* and *Thomas Tootle*, for appellant. **Argued:** *Thomas Tootle.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Kellie Auto Sales, Inc. ("Kellie Auto"), appeals a December 11, 2017 judgment of the Franklin County Court of Common Pleas confirming a consumer claim arbitration award of June 5, 2017 to plaintiff-appellee, Justin Norman. The trial court, on December 4, 2017, had affirmed the arbitration award requiring Kellie Auto to pay Norman $53,911.75. Kellie Auto appeals and seeks remand, arguing that (1) Kellie Auto should be permitted to present a post-arbitration "cure offer" pursuant to R.C. 1345.092; (2) the arbitrator did not properly analyze the award of attorney fees; and (3) Kellie Auto is entitled to a hearing on its motion to modify the arbitrator's award. For the reasons that follow, we reverse the decision of the trial court and remand this matter for further proceedings consistent with this decision.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}    Kellie Auto is an automotive dealership.  Norman claims that Kellie Auto sold him a vehicle that was rebuilt salvage without disclosing it.  The parties arbitrated their differences.  The arbitrator found that Kellie Auto did not disclose the vehicle's salvage title prior to the sale and knowingly committed an unfair or deceptive act under Ohio's Consumer Sales Practices Act ("CSPA").  The arbitrator awarded Norman trebled economic damages of $22,290.00, attorney fees of $31,494.50 and costs of $127.25, for a total award of $53,911.75.  (Ex. A at 5-6, attached to June 26, 2017 Application.)

{¶ 3}    The underlying facts were largely undisputed. On January 25, 2016, Norman entered into a retail installment contract with Kellie Auto for the purchase and financing of a 2006 Chevrolet Silverado K1500 truck ("the vehicle") for $18,500.  As part of the sale, Norman and Kellie Auto executed an arbitration agreement including these terms:

> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OF BY JURY TRIAL.
>
> * * *
>
> 3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.
>
> Any claim or dispute * * * between you and us * * * which arises out of or relates to * * * [the] purchase or condition of this vehicle * * * shall, at your or our election, be resolved by a neutral, binding arbitration and not by court action. * * *
>
> Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. * * * Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. * * * The arbitrator's award shall be final and binding on both parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. * * *

(Emphasis sic.) (Ex. B, attached to Application.)

{¶ 4}    Kellie Auto had obtained an Ohio title to the vehicle designating it as "rebuilt salvage."  (Ex. 11, attached to Aug. 15, 2017 Notice of Filing Reply.)  *No one disputes that Kellie Auto did not inform Norman that the vehicle was rebuilt salvage.*

{¶ 5}    Norman learned the vehicle was rebuilt salvage after receiving the memorandum title in February 2016.  He retained legal counsel to negotiate with Kellie Auto on his behalf.  Kellie Auto asserted that in April 2016, as soon as Norman's legal counsel made it aware of the salvage title issue, it telephoned Norman and offered to rescind the transaction and repay any damages Norman had incurred. Norman rejected the offer. Kellie Auto asserts, on May 26, 2016, it offered in writing to rescind the transaction, take back the vehicle, and return all Norman's money.  The final paragraph of Kellie Auto's May 26, 2016 letter stated:

> In the event that this offer is not agreeable by Mr. Norman, then Kellie Auto Sales respectfully invokes the provisions of the Arbitration Agreement executed by Mr. Norman and Kellie Auto Sales, Inc. on January 25, 2016 * * *.  The language of the Kellie Auto Arbitration Agreement allowing the consumer to choose amongst recognized arbitration organizations, including the American Arbitration Association, has been held by Ohio Courts to be enforceable even when the consumer asserts claims under Ohio's Consumer Sales Practices Act.  See, *Devito v. Autos Direct Online, Inc.,* 2015 Ohio 3336 (8th Dist. 2015).

(Ex. E at 2, attached to Aug. 17, 2017 Memo. Contra.)

{¶ 6}    On June 8, 2016, Norman's legal counsel advised Kellie Auto that Norman was willing to provide a full release of his claims in exchange for rescission of the contract, return of the vehicle, and $16,085 in damages.  By letter dated June 20, 2016, Kellie Auto offered rescission and return of Norman's money, plus $874, stating:

> If this offer is not acceptable to Mr. Norman, have Mr. Norman deliver the vehicle to Kellie Auto immediately in exchange for a check in the amount of $6,126.00 (payments, down payment and license plate fee) and the parties can take the claims for non-economic damages and attorneys' fees to arbitration.

(Ex. D at 2, attached to Memo. Contra.)  By email sent July 22, 2016, Norman counter-offered, demanding rescission, return of the vehicle, and $11,542.50 to settle his claims.  By email sent August 9, 2016, Kellie Auto's legal counsel advised Norman's legal counsel that

Kellie Auto was invoking the arbitration agreement the parties had executed on January 25, 2016.

{¶ 7} The parties could not reach a resolution and agreed to proceed with arbitration. Norman completed a demand for arbitration and submitted it to Kellie Auto on August 11, 2016. On October 14, 2016, the parties received correspondence from the American Arbitration Association ("AAA") signifying that Norman's action against Kellie Auto was commenced and accepted by AAA.

{¶ 8} On April 17, 2017, an arbitration was conducted before an AAA arbitrator on Norman's allegations that Kellie Auto had violated the CSPA. The parties presented sworn testimony and evidence at the arbitration. Norman claimed he was entitled to statutory economic and non-economic damages and attorney fees. Kellie Auto asserted that any error on its part regarding the title was a good faith and/or bona fide error, which relieved it from all damages except actual economic damages. Kellie Auto also asserted, allegedly for the first time, that Norman had waived his rescission rights, which barred his claim for damages on estoppel principles. The arbitrator requested that both parties fully brief certain issues post-arbitration, including attorney fees and whether Kellie Auto's settlement discussions were sufficient to constitute a valid "offer" to avoid liability for treble damages.

{¶ 9} On June 5, 2017, the arbitrator rendered an award in favor of Norman, having found that Kellie Auto had knowingly committed an unfair or deceptive act under the CSPA. Having heard and considered the parties' evidence, the arbitrator awarded $53,911.75 to Norman, a sum that included:

> (1) Economic damages – the unrebutted testimony was that [Norman] incurred economic damages in the amount of $7,430. (Down payment, tag fee and loan payments)
>
> (2) Non-economic damages – while [Norman] testified he suffered non-economic damages of aggravation, frustration and humiliation, this testimony was not credible. *Long after [Norman] found out about the salvage title he continued to drive the car.* Early on, [Kellie Auto] offered to rescind the transaction which [Norman] refused. It appears to the Arbitrator that [Norman] held on to his remedy options for an extended period of time for the sole purpose of increasing his recovery. Non-economic damages will not be awarded;

> (3) Attorney's fees and costs – [Norman] is entitled to his reasonable attorney's fees and costs for this knowing violation of the CSPA. [Norman] has submitted the affidavits of his attorneys (Ex. 23 and 24) along with the affidavit of Attorney DeRose (Ex. 25) attesting to the reasonableness of the rates submitted. The Arbitrator finds that applying the lodestar approach set forth by the Ohio Supreme Court in *Bittner v. Tri-County Toyota* (1991), 58 Ohio St. 3d 143 an attorney's fees award of $31,494.50 (an extra $1,000 is awarded for post-hearing work) is appropriate. In addition, hearing fees of $127.25 will be imposed;
>
> (4) The economic damage award shall be trebled to ($7,420 x 3) $22,290 pursuant to *Rev. Code* 1345.09. (See *Pep Boys v. Vaughn*, 2006-Ohio-698 (C.A. 10th 2006). While the Arbitrator may believe that treble damages are not factually justified he cannot apply his personal belief on an appropriate remedy that is not statutorily authorized. Treble damages are to be awarded. *Bierlein v. Alex's Continental Inn*, (1984) 16 Ohio App. 3d 301)

(Sic passim and emphasis added.) (Ex. A at 5-6, attached to Application.) The arbitrator also ordered Kellie Auto to pay $2,400 for the association's administrative fees and $1,500 for the arbitrator's compensation. The arbitrator's award constituted a full, final disposition of all claims submitted.

{¶ 10} After arbitration, Norman's counsel requested payment from Kellie Auto's counsel. Norman claims that Kellie Auto's legal counsel during the arbitration proceedings stated his client would pay the award. However, Kellie Auto retained new counsel who advised several days later that Kellie Auto was unwilling to pay the award without Norman taking further legal action.

{¶ 11} On June 26, 2017, Norman filed with the trial court an application for judgment pursuant to R.C. 2711.09 confirming the arbitration award against Kellie Auto. Norman's application for judgment included the arbitrator's award of June 5, 2017 (Ex. A), and the arbitration agreement the parties had executed on January 25, 2016 (Ex. B). Norman stated that the trial court's duty to affirm the arbitration award was mandatory:

> Pursuant to O.R.C. § 2711.09, a party may apply for an order confirming an arbitration award, and the court "***shall*** grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected. . ." (emphasis added) *Woods v. Farmers Ins. Of Columbus, Inc.*, 106 Ohio App.3d 389, 392

(10th App. Dist. 1995). Consequently, granting the requested relief is mandatory. *Id.* A common pleas court has no discretion to deny a party's application for an order confirming an arbitration award. *Id.* at 400.

(Emphasis sic.) (Application at ¶ 7.) Kellie Auto was served with Norman's action on June 30, 2017.

{¶ 12} On July 10, 2017, within 30 days of service of process of Norman's action in the court of common pleas, Kellie Auto filed a notice of cure offer (R.C. 1345.092(B)[1]) and motion to extend time for filing motion or pleading (R.C. 1345.092(C)). Kellie Auto stated:

[The consumer transaction dispute] is now before this Court on [Norman's] Application for Judgment Confirming the Arbitrator's Award. This is the first and only time this matter has been before a court since its inception. [Norman] elected to proceed with arbitration absent the filing suit.

Effective July 3, 2012, the General Assembly amended the Consumer Sales Practices Act ("CSPA") to give suppliers like [Kellie Auto] a "right to cure" after the filing of suit. * * * The opportunity to present a cure offer does not arise until a consumer has actually filed suit. Here, the only filing of suit occurred on June 26, 2017. [Kellie Auto] presented a cure offer to [Norman] on July 10, 2017. * * *

(July 10, 2017 Notice of Filing Reply at 2-3.)

{¶ 13} Norman opposed Kellie Auto's notice and motion on July 19, 2017. Thereafter, on August 4, 2017, Kellie Auto filed a motion to modify the arbitration award pursuant to R.C. 2711.11. Kellie Auto requested that the trial court "issue an order modifying and correcting the arbitration award at issue in this action," reducing the award to $9,930 (economic damages of $7,430 and attorney fees of $2,500), plus court costs or,

[1] R.C. 1345.092(B) provides:

A consumer shall have thirty days after the date the consumer or the consumer's attorney receives a cure offer from a supplier to notify the supplier, or if the supplier is represented by an attorney, the supplier's attorney, of the consumer's acceptance or rejection of the cure offer. The consumer shall file the notice of acceptance or rejection with the court in which the action was commenced and serve the notice to the supplier. The notice shall be deemed effective when it is filed with the court. The failure of a consumer to file a notice of acceptance or rejection of the supplier's cure offer within thirty days after the date of receipt of the cure offer shall be deemed a rejection of the cure offer by the consumer.

alternatively, "remand this matter to the Arbitrator with instructions that he include an analysis of attorney's fees as required under *Bittner v. Tri-County Toyota*, 58 Ohio St.3d 143 (1991)." (Aug. 4, 2017 Mot. To Modify at 1, 10.)

{¶ 14} On November 30, 2017, the trial court issued a decision, entry, and order granting Norman's motion to affirm the arbitration award. The trial court simultaneously issued a decision and entry denying Kellie Auto's motion to modify the award. On December 11, 2017, the trial court signed a final appealable judgment entry.

{¶ 15} On December 15, 2017, Kellie Auto filed a motion for relief from judgment pursuant to Civ.R. 60(B), requesting the trial court to vacate its entries of November 30 and December 1, 2017 that granted Norman's motion to confirm the award and denied Kellie Auto's motion to modify the award. Kellie Auto argued the trial court had erred by not holding a hearing as required by R.C. 2711.09 and requested that the trial court hold an oral hearing on the motions. Kellie Auto simultaneously filed a motion to stay execution of the judgment pursuant to Civ.R. 62(A) pending the trial court's resolution of Kellie Auto's Civ.R. 60(B) motion. Norman opposed both motions.

{¶ 16} On January 9, 2018, the trial court denied both of Kellie Auto's motions. With respect to the Civ.R. 60(B) motion, the trial court relied on this Court's decision in *Victoria's Secret Stores, Inc. v. Epstein Contracting, Inc.*, 10th Dist. No. 00AP-209 (Mar. 8, 2001), in concluding it was not required to conduct a hearing on the motion because Kellie Auto had not requested a hearing. The trial court found *Epstein* to be controlling when considering the hearing requirement on motions to amend and/or modify pursuant to R.C. 2711.09. Relying on *Epstein*, the trial court found R.C. 2711.11 to be controlling in the context of the co-application of the provisions of R.C. 2711.05, Civ.R. 7(B)(2), and Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division. The trial court quoted from *Epstein*:

> R.C. 2711.05 sets forth the hearing procedure for applications to confirm arbitration awards pursuant to R.C. 2711.09, and motions to vacate or modify such awards pursuant to R.C. 2711.10 and 2711.11, respectively. R.C. 2711.05 provides:
>
> > Any application to the court of common pleas under sections 2711.01 to 2711.15, inclusive, of the Revised Code, shall be made and heard in the manner provided by law for the making and

> hearing of motions, except as otherwise expressly provided in such sections.
>
> Civ.R. 7(B)(2) authorizes the courts of common pleas to "make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Pursuant to Civ.R. 7(B)(2), the Franklin County Court of Common Pleas has adopted Loc.R. 21.01 of the Court of Common Pleas of Franklin County, General Division, which provides in relevant part that: "***Oral hearings on motions are not permitted except upon leave of the Trial Judge upon written request by a party." Together, these provisions require the Franklin County Court of Common Pleas to conduct only non-oral hearings on applications to confirm arbitration awards or motions to vacate or modify such awards.
>
> In the instant case, the decision of the court of common pleas in this matter indicates that the court did in fact conduct a non-oral hearing utilizing the various memoranda filed in support and opposition to appellees' application to confirm the arbitration award and appellant's motion to vacate or modify the award.
>
> <u>Epstein</u>, 2001 Ohio App. LEXIS 827, at * 13-14 (Mar. 8, 2001).

(Jan. 9, 2018 Decision & Entry at 3-4.) The trial court concluded in reliance on *Epstein* that "the trial court is not required to conduct a hearing on motions to confirm and/or vacate arbitration awards." *Id.* at 4.

{¶ 17} On January 10, 2018, Kellie Auto filed a motion to stay pending appeal, pursuant to Civ.R. 62(B) and filed its notice of appeal to this Court.

## II. ASSIGNMENT OF ERRORS

{¶ 18} Kellie Auto presents for our review three assignments of error:

> [1.] The lower Court erred when it refused to recognize the Defendant-Appellant's timely exercise of a "right to cure" pursuant to R.C. 1345.092.
>
> [2.] The lower Court erred when it affirmed the Arbitrator's award of attorney fees absent a discussion of the required factors enumerated in *Bittner v. Tri-County Toyota, Inc.* 58 Ohio St.3d 143, 145, 569 N.E. 2d 464 (1991).
>
> [3.] The lower Court erred when it failed to conduct a hearing on the Defendant's Motion to Modify the Arbitrator's Award.

## III.  LAW AND DISCUSSION

### A.  Standard of Review

{¶ 19}  "When reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, syllabus (following *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995)).

{¶ 20}  This Court recently adopted this standard of review stating:

> In *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St. 3d 219, 2018-Ohio-1590, the Supreme Court of Ohio settled the conflict between the appellate districts as to the appropriate standard of review in an appeal from a trial court decision on an arbitration award.  The court rejected an abuse of discretion standard and held as follows:
>
>> When reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo.  *Id.* at syllabus.
>
> " 'The question whether an arbitrator has exceeded his authority is a question of law.' "  *Id.* at ¶ 25, quoting *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir.2000).  In reviewing questions of law, this court gives no deference to the trial court's decision but decides the issue de novo.  *Portage Cty. Bd. of Dev. Disabilities* at syllabus.

*Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11*, 10th Dist. No. 18AP-478, 2018-Ohio-5366, ¶ 17-18.

### B.  Assignments of Error

#### 1.  First assignment of error

{¶ 21}  Kellie Auto argues the trial court erred when it refused to recognize its timely exercise of a right to cure granted by R.C. 1345.092.  We agree.  We are aware that state court review of an arbitration decision is procedurally limited such that "[a]n arbitration award may be challenged only through the procedure set forth in R.C. 2711.13 and on the

grounds enumerated in R.C 2711.10 and 2711.11." *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, ¶ 10, citing *Schaefer v. Allstate Ins. Co.,* 63 Ohio St.3d 708, 711 (1992). And while R.C. 2711.13 statutorily limits such review to a point in time after an arbitrator makes an award in an arbitration proceeding, the operation of R.C. 1345.092(D) under the CSPA, (Ohio Uniform Commercial Code, Article XIII) entitled Kellie Auto to deliver a cure offer to Norman or his attorney "[n]ot later than thirty days after service of process is completed upon a supplier by a consumer in any action seeking a private remedy," pursuant to section 1345.092(A) of the Revised Code. The CSPA contemplates a "private action" to be "a declaratory judgment, an injunction, *or other appropriate relief* against an act or practice that violates [R.C. Chapter 1345]." (Emphasis added.) R.C. 1345.09(D). We also recognize the factual nuances here, noting Kellie Auto made more than one attempt to resolve the dispute through negotiations with Norman's legal counsel during the months of April through July 2016, but the parties could not come to agreement and thereby proceeded with arbitration.

{¶ 22} Norman proceeded with arbitration absent an informal resolution or filing suit. After further post-arbitration negotiation and Kellie Auto's representation it would pay the arbitration award, and then a change of counsel resulting in a refusal to pay the arbitrator's total award, Norman filed the instant action seeking enforcement of the arbitration award; this occurred on June 26, 2017, and it was the first and only time this matter came before a court of record. The record reflects that service of process on Kellie Auto was perfected on June 30, 2017, after which Kellie Auto timely filed a notice of cure offer under R.C. 1345.092 on July 10, 2017. Kellie Auto offered $7,430, the amount of economic damage awarded by the arbitrator and $2,500 in attorney fees, according to R.C. 1345.092, plus court costs.

{¶ 23} Kellie Auto argues the General Assembly intended for the "cure offer" provision to be available to suppliers in cases such as the one before us. Kellie Auto submits that the historical backdrop to the General Assembly's enactment of the CSPA in 2012 demonstrates the legislative intention to provide businesses a statutory framework to cure potential violations:

> For many years, the Ohio Consumer Sales Practices Act has been a sword for consumers to address unfair and deceptive acts, allowing consumers to recover attorney's fees as well as

> treble damages (three times actual damages) for violations. However, the Ohio Consumer Sales Practices Act has been criticized for its ability to generate litigation resulting in significant damage awards for merely technical violations. [The CSPA] gave Ohio businesses the opportunity to cure violations before protracted litigation and potentially reduce their exposure to treble damages.

(Kellie Auto's Brief at 11.)

{¶ 24} The record demonstrates that the parties exchanged numerous offers and demands/counter-offers between April 25 and July 22, 2016. By letter dated April 25, 2016, Norman's counsel advised Kellie Auto of the title issue and declared that, pursuant to R.C. Chapter 1345, Norman was "entitled to treble damages, attorney's fees, costs, and other damages." (Ex. 3 at 1, attached to Notice of Filing Reply.) The letter invited Kellie Auto to contact Norman's counsel if it desired to resolve the matter "without resorting to arbitration." *Id.* Kellie Auto immediately offered to remedy its error by rescinding the transaction and repaying damages Norman had incurred, thereby attempting to make Norman whole.

{¶ 25} By email dated May 10, 2016, Norman's attorney presented a demand for rescission and $31,300.00. By letter dated May 26, 2016, Kellie Auto again offered to rescind the transaction and return all Norman's money. Kellie Auto in its letter noted that rescission was one of the statutory options available under R.C. 1345.09. Norman rejected the offer and counter-demanded for rescission and $16,085.00 ($7,585.00 for Norman's down-payment, taxes, license plate fees, $5,000.00 for non-economic damages and $3,500.00 for attorney fees). By letter dated June 20, 2016, Kellie Auto offered rescission and $7,000.00 ($6,126.00 for the expenses Norman actually had incurred in connection with the purchase of the vehicle, plus $874.00). Norman did not accept that offer, but counter-offered with a demand for rescission and a payment of $11,542.50. After Kellie Auto declined Norman's last demand, the parties proceeded to arbitration. Norman continued to drive for an additional period of time the vehicle that was rebuilt and sold to him as not rebuilt, despite his objections and over his claims of non-economic damages which were legally and factually rejected by the arbitrator.

{¶ 26} In awarding economic damages, the arbitrator stated, "[w]hile the Arbitrator may believe that treble damages are not factually justified[,] he cannot apply his personal belief on an appropriate remedy that is not statutorily authorized. Treble damages are to

be awarded. *Bierlein v. Alex's Continental Inn,* (1984) 16 Ohio App. 3d 301." (Ex. A at 6, attached to Application.) We share the arbitrator's concern about an award of treble damages in the instant case, which the record indicates was well-suited to resolution short of what the arbitrator could not avoid, but we review the trial court's decision within the statutory framework by which the court and not just the arbitrator was bound.

{¶ 27} R.C. 1345.092(A) is clear—a statutory cure offer can be made only after the consumer has commenced an *action* against an act or practice that violates R.C. Chapter 1345. R.C. 1345.092(A). But this statute does not prevent a supplier such as Kellie Auto from attempting to cure the problem with one or more offers to make the buyer whole before any such action, or even arbitration, occurs. That the first and only lawsuit filed by Norman was the action seeking to enforce the arbitration award premised on a CSPA claim does not change the operation of the statutory language of R.C. 1345.092(A) enabling Kellie Auto to make a statutory cure offer.

{¶ 28} Kellie Auto points out that the common pleas court rejected Kellie Auto's notice of cure offer by characterizing the action before it exclusively as an R.C. Chapter 2711 arbitration action without giving effect to the underlying claims made under R.C. Chapter 1345, the CSPA. As we see it, the common pleas court's interpretation and application of these statutes was not in keeping with R.C. 1.51 whereby effect must be given to both. That is, the arbitration statutory process of R.C. Chapter 2711 may substantively and procedurally implicate R.C. Chapter 1345. *See, e.g.,* R.C. 2711.10(D) and R.C. 2711.11.

{¶ 29} The R.C. 1345.092(A) statutory right to cure process can only be triggered by service of a summons and complaint on the supplier. R.C. 1345.092(A). The 30-day time period for Kellie Auto's tendering its right to cure under the CSPA did not begin until Norman filed the application for judgment confirming the arbitration award. While Kellie Auto was free to make other offers to cure before, during, or after arbitration, including before the filing of suit by Norman, it could not tender a statutory cure offer under R.C. 1345.092 until one of the parties filed suit in a court of record.

{¶ 30} R.C. 1345.09(D) permits "[a]ny consumer [to] seek a declaratory judgment, an injunction, *or other appropriate relief* against an act or practice that violates this chapter." (Emphasis added.) When a consumer seeks to enforce his or her rights under Chapter 1345 of the Revised Code, the consumer may do so via arbitration. But, the

respondent supplier's statutory right to cure or to present a "cure offer" under R.C. 1345.092(A) commences only "after service of process is completed upon a supplier by a consumer in any action seeking a private remedy pursuant to section 1345.09 of the Revised Code." R.C. 1345.092(A).

{¶ 31} An application for judgment on an arbitration award is an "action seeking a private remedy pursuant to section 1345.09 of the Revised Code." R.C. 1345.092(A). Therefore, a supplier must deliver a "cure offer" not later than 30 days after service of process is completed on the supplier by the consumer bringing such an action. *Id.* R.C. 1345.092(A) requires the supplier to "file a copy of the cure offer with the court in which the action was commenced." A court is defined as "[a] tribunal constituted to administer justice; esp., a governmental body consisting of one or more judges who sit to adjudicate disputes." *Black's Law Dictionary*, 430 (10th Ed.2014). An arbitrator or arbitration does not fall within the definition of "court."

{¶ 32} Norman argues that R.C. 1345.092(G) suggests that a post-arbitration cure offer is untimely and that Kellie Auto should have exercised a pre-arbitration right to cure. R.C. 1345.092, however, stipulates that the right to cure does not vest without service of process.[2] We cannot read the statute any other way.

{¶ 33} And while we hold concern for potential abuses of resolving consumer disputes permitted by division (G) of R.C. 1345.092, we can only interpret and not change the statute. We can envision that a supplier could insist on arbitration, refuse to pay, force a court action, and timely make a cure offer pursuant to R.C. 1345.092(A) that is the same as or just higher than the economic damage amount awarded by an arbitrator whether or not the arbitrator awarded treble damages and attorney fees. Under this circumstance, as here, the application of division (G) of R.C. 1345.092, the consumer's arbitration award would be reduced to at least the original arbitration award of economic damage, thereby eliminating treble damages and any attorney fees awarded in excess of $2,500. R.C. 1345.092(G). But, this appears to be how the legislature intended for the CSPA to work

---

[2]  Words and phrases that have a particular meaning shall be construed accordingly. R.C. 1.42. "Service" is defined as "[t]he formal delivery of a writ, summons, or other legal process, pleading, or notice to a litigant or other party interested in litigation; the legal communication of a judicial process." *Black's Law Dictionary*, 1576 (10th Ed.2014). The forms in which service is achieved are set forth in Civ.R. 4.1, and include service by clerk, personal service, and residence service. Civ.R. 4.1 does not, nor does any other rule, provide for service by arbitration.

under its more recent changes. Thus, when Kellie Auto proffered its statutory cure offer to pay the arbitrator's determined award of $7,430 in actual damages, plus $2,500 in attorney fees and court costs, the trial court erred by not applying the mandate in R.C. 1345.092(G), under R.C. 2711.11.

{¶ 34} We find Kellie Auto's arguments well-taken. In harmonizing the CSPA with Ohio's arbitration statutes, a reviewing court may vacate or modify an arbitration award only as provided for in R.C. 2711.10 or 2711.11, respectively. In its brief, Kellie Auto states no error with the arbitrator's finding of liability, only with the damages awarded:

> [Kellie Auto] asserts that the award of damages exceeds the amount allowable following a valid cure offer. R.C. § 2711.11 provides:
>
> "In any of the following cases, the court of common pleas * * * shall make an order modifying or correcting the award upon the application of any party to the arbitration if:
>
> (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award..." * * *
>
> A material miscalculation of figures and an evident material mistake exists. Norman's award must be limited to only that permitted following a timely exercise of the right to cure. Based upon the foregoing, Kellie [Auto] asks this Court to remand this matter to the trial court to order a modification of the award to $9,930 plus court costs. This represents actual damages (as determined by the arbitrator) of $7,430 and attorney fees of $2,500 – the maximum permitted by statute.

(Kellie Auto's Brief at 20-21.) We find Kellie Auto's request for remand for modification appropriate.

{¶ 35} Based on the foregoing, we find as a matter of law that the provisions of R.C. 1345.092 were triggered in this matter when Kellie Auto timely filed a cure offer under R.C. 1345.092(A). Accordingly, the common pleas court erred when it refused to recognize as timely Kellie Auto's exercise of a right to cure pursuant to R.C. 1345.092 and to reduce the arbitrator's award in accordance with R.C. 1345.092(G). We remand this matter to the common pleas court to allow Kellie Auto to present to the court its cure offer and to modify the arbitrator's award consistent with this decision. Kellie Auto's first assignment of error is sustained.

### 2. Second assignment of error

{¶ 36} Kellie Auto asserts the trial court erred when it affirmed the arbitrator's award of attorney fees absent a discussion of the required factors enumerated in *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143 (1991).

{¶ 37} Having sustained Kellie Auto's first assignment of error and remanded this to the common pleas court to modify the arbitrator's award to limit attorney fees to $2,500, the maximum permitted by statute, Kellie Auto's second assignment of error is moot. Kellie Auto has offered the maximum in attorney fees, and we will not require a court to require a party to argue against its own offer, especially when the threshold for the maximum award of attorney fees is, in our opinion, low.

### 3. Third assignment of error

{¶ 38} Kellie Auto's third assignment of error reads as follows: "The lower Court erred when it failed to conduct a hearing on the Defendant's Motion to Modify the Arbitrator's Award." (Kellie Auto's Brief at 6.)

{¶ 39} Kellie Auto argues a mistake occurred when, on November 30, 2017, the trial court ruled on both Norman's July 11, 2017 application for judgment confirming the arbitration award and Kellie Auto's August 4, 2017 motion to modify the award without first conducting any hearing. Consequently, on December 15, 2017, Kellie Auto filed a motion for relief from judgment pursuant to Civ.R. 60(B) and a motion to stay the execution of judgment pursuant to Civ.R. 62(A).

{¶ 40} On January 9, 2018, the trial court issued a decision and entry denying Kellie Auto's Civ.R. 60(B)(1) motion filed December 15, 2017, and a decision entry and order denying Kellie Auto's motion to stay filed December 15, 2017. The trial court noted that "Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), citing *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). The trial court continued:

> To prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc.,*

> *v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E. 2d 113, paragraph two of the syllabus. Furthermore, "Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied." Boston v. Parks-Boston, 10th Dist. Franklin No. 02AP-1031, 2003-Ohio-4263, ¶ 12-13. Only the first two elements are at issue here.

(Jan. 9, 2018 Decision & Entry at 2.)

{¶ 41} The trial court disagreed with Kellie Auto's argument that the language of R.C. 2711.09 and the holding of *Zingarelli v. Lord*, 10th Dist. No. 94APE05-699 (Nov. 17, 1994) required the trial court to hold a hearing on Kellie Auto's Civ.R. 60(B) motion. As we noted in the Facts and Procedural Background portion of this decision, the trial court determined that this Court's decision in *Epstein*, 10th Dist. No. 00AP-209 (Mar. 8, 2001), was controlling, and that it obviated the need to conduct a hearing on the motion because Kellie Auto had not requested a hearing.

{¶ 42} The trial court found *Epstein* to be controlling because *Epstein* considered the hearing requirement on motions to amend and/or modify pursuant to R.C. 2711.09 through 2711.11, while concurrently examining the provisions of R.C. 2711.05, Civ.R. 7(B)(2), and Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division. The trial court continued:

> Having determined that Epstein controls, the Court notes that [Kellie Auto] did not request a hearing. *See* White v. Fitch, 2015-Ohio-4387, 2015 Ohio App. LEXIS 4332 (Ohio Ct. App., Cuyahoga County 2015) (holding trial court was within its authority to deny the home owners' motion to modify or vacate the arbitration award without a hearing and noting the owner never requested a hearing, and could have made such a request in her initial motion to modify or vacate the arbitration award or in her reply brief). And, this Court did conduct a status conference and a non-oral hearing "utilizing the various memoranda filed in support and opposition to appellees' application to confirm the arbitration award and appellant's motion to vacate or modify the award." Epstein, 2001 Ohio App. LEXIS 827, at * 14. Accordingly, the Court holds under Epstein and Fitch that [Kellie Auto] fails to demonstrate both that [Kellie Auto] has a meritorious defense or claim to present if relief is granted and that [Kellie Auto] is entitled to relief under Civ.R. 60(B)(1). [Kellie Auto's] Motion to Vacate is therefore **DENIED** under Boston.

(Emphasis sic.) (Jan. 9, 2018 Decision & Entry at 4-5.)

{¶ 43} We find the common pleas court's reasoning to be sound. Accordingly, the common pleas court did not err by not conducting a hearing on the Kellie Auto's motion to modify the arbitrator's award before denying the motion, especially when Kellie Auto did not specifically request a hearing on its Civ.R. 60(B) motion. Kellie Auto's third assignment of error is overruled.

## IV.  CONCLUSION

{¶ 44} Based on the foregoing reasons, we sustain Kellie Auto's first assignment of error. We find moot Kellie Auto's second assignment of error and overrule its third assignment of error. The judgment of the Franklin County Court of Common Pleas is reversed in part, affirmed in part, and cause remanded for further proceedings consistent with this decision.

*Judgment reversed in part;*
*affirmed in part; cause remanded.*

TYACK and HORTON, JJ., concur.