[Cite as *Internatl. Assn. of Fire Fighters, Local 67 v. Columbus*, 2023-Ohio-4625.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| International Association of Fire Fighters, Local 67, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 23AP-37 |
| | : | (C.P.C. No. 22CV-7871) |
| v. | : | (REGULAR CALENDAR) |
| City of Columbus, Ohio, | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on December 19, 2023

**On brief:** *Livorno & Arnett Co., LPA, Henry A. Arnett,* and *Collen M. Arnett,* for appellee. **Argued:** *Henry A. Arnett.*

**On brief:** *Zach Klein,* City Attorney, and *Lee Ann Rabe,* for appellant. **Argued:** *Lee Ann Rabe.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, City of Columbus ("the City"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of plaintiff-appellee, International Association of Fire Fighters, Local 67 ("the Union"), to vacate or modify an arbitration award denying the Union's grievance. For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2} In November 2021, the Union filed grievance No. 21-25 with the City, alleging Firefighter Brandon Lauck was improperly passed over for promotion to the rank of Fire Lieutenant, in violation of Section 10.1 and Article 23 of the collective bargaining agreement

("the CBA") between the Union and the City, effective November 1, 2020 through October 31, 2023. The City denied the grievance, noting that Civil Service Rule IX (C)(3)(c), "CERTIFICATION," which was incorporated into the CBA via Article 23, states that "each appointment shall be made from a group of three eligibles certified from those standing highest on the eligible list and one of said group must be appointed." (Emphasis omitted.) Based on this "Rule of Three," and finding no requirement in either Section 10.1 or Article 23 of the CBA requiring the selection of the highest eligible candidate, the City concluded it was not improper for the appointing authority to select one of the two eligible candidates other than Firefighter Lauck. As authorized under the CBA, the Union requested arbitration of its grievance. A hearing was held before an arbitrator, and in August 2022, the arbitrator issued his decision denying the grievance.

{¶ 3} Pursuant to R.C. 2711.13, the Union then moved the trial court for an order vacating or modifying the arbitration award. In December 2022, the trial court granted the Union's request upon finding the arbitrator exceeded his authority by not considering and resolving whether the City violated Section 10.1 of the CBA. In addition to vacating the arbitration award pursuant to R.C. 2711.10, the trial court ordered the City to promote Firefighter Lauck to the rank of Fire Lieutenant, retroactive to November 10, 2021.

{¶ 4} The City timely appeals.

## II. Assignments of Error

{¶ 5} The City assigns the following three assignments of error for our review:

> [I.] The trial court committed clear error by making the factual finding that the arbitrator's award did not consider Article 10 of the collective bargaining agreement.
>
> [II.] The trial court erred by exceeding the proper scope of its review in granting the Union's motion to vacate or modify the award, pursuant to R.C. 2711.10.
>
> [III.] The trial court erred by exceeding its authority by fashioning its own remedy instead of remanding the matter to arbitration.

## III. Discussion

{¶ 6} The City's first assignment of error contends the trial court erred in finding the arbitrator, in denying the Union's grievance, did not consider Article 10 of the CBA. In

its second assignment of error, the City asserts the trial court erroneously exceeded its statutory authority in granting the Union's motion to vacate or modify the arbitrator's award. The City generally argues the trial court erred in not denying the Union's motion. These two assignments of error have merit.

{¶ 7} Generally, an appellate court reviews a trial court's decision as to a motion to vacate an arbitration award under an abuse of discretion standard. *See Licking Hts. Local School Dist. Bd. of Edn. v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 12AP-579, 2013-Ohio-3211, ¶ 8; *Buchholz v. W. Chester Dental Group*, 12th Dist. No. CA2007-11-292, 2008-Ohio-5299, ¶ 22 ("[a]n appellate court will review the common pleas court's decision to confirm, modify, vacate or enforce the arbitration award based on abuse of discretion"). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Although an appellate court should accept findings of fact that are not clearly erroneous when reviewing a common pleas court decision confirming, modifying, vacating, or correcting an arbitration award, the appellate court decides questions of law de novo. *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, ¶ 26; *Licking Hts. Local School Dist.* at ¶ 9, citing *Hudson v. John Hancock Fin. Servs., Inc.*, 10th Dist. No. 06AP-1284, 2007-Ohio-6997, ¶ 8.

{¶ 8} "Because Ohio law favors and encourages arbitration, courts only have limited authority to vacate an arbitrator's award." *Fraternal Order of Police Capital City Lodge No. 9 v. Reynoldsburg*, 10th Dist. No. 12AP-451, 2013-Ohio-1057, ¶ 22, citing *Assn. of Cleveland Firefighters v. Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278, ¶ 13. Under R.C. 2711.13, "[a]fter an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." Pursuant to R.C. 2711.10, a court may vacate an arbitration award only on the grounds of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his or her authority. *Fraternal Order of Police Capital City Lodge No. 9* at 22. Therefore, a reviewing court cannot easily overturn an arbitrator's award. *Id.* at ¶ 23, citing *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati*, 63 Ohio St.3d 403, 407 (1992).

{¶ 9} The language of the parties' contract determines the parameters of an arbitrator's authority, and, for the purpose of R.C. 2711.10, an arbitrator exceeds his or her authority in rendering an award when the award does not "draw its essence" from the CBA. Such an award departs from the essence of the CBA when it conflicts with the express terms of the agreement or is without rational support or cannot be rationally derived from the terms of the agreement. *See Ohio Dept. of Adm. Servs. v. Fraternal Order of Police of Ohio, Inc.*, 10th Dist. No. 16AP-457, 2017-Ohio-1382, ¶ 17-19; *Franklin Cty. Sheriff v. Teamsters Local No. 413*, 10th Dist. No. 17AP-717, 2018-Ohio-3684, ¶ 17-19. *See generally Ohio Patrolmen's Benevolent Assn. v. Findlay*, 149 Ohio St.3d 718, 2017-Ohio-2804, ¶ 16, quoting *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, ¶ 7, quoting *Mahoning Cty. Bd. Of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 84 (1986) (" 'Arbitrators act within their authority to craft an award so long as the award "draws its essence" from the contract—that is, "when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." ' ").

{¶ 10} In reviewing the Union's grievance, the arbitrator was tasked with determining whether any provision of the CBA was violated, and he had "no power to add to or subtract from, or modify any terms of" the CBA. (CBA at 13.) The provision at issue in this appeal is CBA Section 10.1, which requires "[a]ny discharge, demotion, suspension, removal, or other disciplinary measure shall be only for just cause. Additionally, all other treatment of an employee, including assignment and transfer, shall be reasonable, fair and non-discriminatory in nature." (CBA at 14.) Pursuant to the CBA, the Union, as the grievant, carried the burden of proving the alleged violation by a preponderance of the evidence. Before the arbitrator, the Union argued the promotion decision was improper and violated CBA Section 10.1 because it was inconsistent with the City's past practice of selecting the eligible candidate with the highest examination score for promotion, because Firefighter Lauck was not provided any reason for why he was not promoted, and because his involvement in a traffic accident years ago may have been considered as a factor against his promotion. In his decision, the arbitrator identified the question before him as: "Was Firefighter Brandon Lauck improperly denied a promotion to Fire Lieutenant with the Columbus Division of Fire?" (Decision of Arbitrator at 1.) And, as pertinent to this appeal,

the arbitrator specifically noted the Union's arguments, outlined above, as to why the selection of one of the other two eligible candidates under the "Rule of Three" purportedly violated CBA Section 10.1.

{¶ 11} Concerning the Union's contention that the City violated CBA Section 10.1, the arbitrator stated: "Nothing was presented that suggested the Civil Service Process or the exams themselves were improper in any manner, only that Brandon Lauck didn't get the job for which he was qualified. Pointing to a specific violation would be more helpful. If anything, testimony was that the selection procedure was open, fair to everyone, reasonable and not discriminatory." (Decision of Arbitrator at 7.) Despite this language in the arbitrator's decision, the trial court found that the arbitrator "failed to determine whether Defendant City's decision not to promote Brandon Lauck was reasonable, fair and/or non-discriminatory." (Dec. 22, 2022 Decision and Entry at 8.) Based on this finding, the trial court reasoned that the arbitrator exceeded his authority because he failed to decide an issue presented.

{¶ 12} In support of the trial court's decision, the Union argues that while the arbitrator addressed the promotion *procedure*, he did not resolve whether the *decision* not to promote Firefighter Lauck was reasonable, fair, and non-discriminatory. But this argument does not consider that the selection process culminated in the promotion decision. In denying the Union's grievance, the arbitrator expressly considered and rejected the Union's contention that Firefighter Lauck was not treated in a reasonable, fair, and non-discriminatory manner as required by CBA Section 10.1. Thus, the Union's evidence and related arguments did not persuade the arbitrator. The arbitrator ultimately concluded that Firefighter Lauck was not improperly denied a promotion to Fire Lieutenant. This denial of the grievance draws its essence from the CBA—it was rational and did not conflict with the express terms of the CBA. Although the arbitrator did not use the exact language of Section 10.1 in his analysis, his decision can only reasonably be construed as indicating both his consideration of the requirements of CBA Section 10.1, and his finding that Firefighter Lauck was not treated improperly in violation of those requirements.

{¶ 13} Therefore, we conclude the trial court erred in finding the arbitrator failed to determine whether the City violated CBA Section 10.1's requirements when it did not

promote Firefighter Lauck to Fire Lieutenant, and the trial court erred in vacating the arbitrator's award based on this incorrect finding. On these bases, we sustain the City's first and second assignments of error.

{¶ 14} The City's third assignment of error alleges the trial court erred in fashioning its own remedy and not remanding the matter to the arbitrator. Our resolution of the City's first and second assignments of error renders moot the City's third assignment of error.

## IV. Disposition

{¶ 15} Having sustained the City's first and second assignments of error, which renders moot the City's third assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas. Accordingly, this matter is remanded to that court with instructions to deny the Union's motion to vacate or modify the arbitration award.

*Judgment reversed*;
*cause remanded with instructions.*

EDELSTEIN and LELAND, JJ., concur.

––––––––––––––––––