[Cite as *Brook Park v. Fraternal Order of Police, Lodge #15*, 2020-Ohio-3035.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF BROOK PARK,                          :

    Plaintiff-Appellee,                 :

                                 No. 108879

    v.                                   :

FRATERNAL ORDER OF POLICE,                   :
LODGE #15,

    Defendant-Appellant.                :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 21, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897466

---

### *Appearances:*

Mansour Gavin L.P.A., and James A. Budzik, *for appellee.*

Faulkner, Hoffman, and Phillips, L.L.C., Robert M. Phillips, Joseph D. Mando, and Sara A. Liva, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1}  Defendant-appellant Fraternal Order of Police, Lodge #15 ("FOP") appeals the decision of the trial court that vacated an arbitration award. Upon review, we affirm the decision of the trial court.

**Background**

{¶ 2} In February 2017, plaintiff-appellee city of Brook Park ("the city") passed Ordinance No. 10064-2016 that amended Chapter 153.06 of the Brook Park Codified Ordinances to provide hospitalization and/or medical insurance benefits to a group of retired employees in an amount that equated to $100 per month. In response, FOP filed a grievance challenging the ordinance. FOP claimed that the ordinance violated the "express terms of an alleged 2006 and 2009 contract addendum affecting retired FOP member medical reimbursement entitlements and the past practice."

{¶ 3} In 2006, the parties executed a settlement agreement and contract addendum, with an attached memorandum of understanding, that provided a defined group of retirees with health-insurance reimbursement benefits up to $400 per month. In 2009, the parties agreed to a second memorandum of understanding ("the MOU") providing for continued retiree health-insurance reimbursements in an amount not to exceed $400 per month. The MOU was not included as part of any collective bargaining agreement after 2009. However, the city continued to make payments to retired FOP members until January 2017. The city then passed the ordinance that FOP claimed was an attempt to abrogate health-care benefits.

{¶ 4} At the time FOP's grievance challenging the city's ordinance was filed, the effective collective bargaining agreement ("CBA") was for the period from January 1, 2016, through December 31, 2018. Article I of the CBA expressed the parties' intent that "both parties now desire to enter into a new Agreement to

supersede all previous agreements * * * and to set forth clearly the terms and conditions of employment and responsibilities of each party * * *." Article II of the CBA recognized the FOP as "the exclusive representative for negotiating wages, hours and other terms and condition of employment for all sworn full-time employees of the Division of Police occupying the positions of patrol officers and detectives * * *." Article IX, Section 9.01 of the CBA defines a grievance as "a dispute or a difference between the Employer and the FOP or the Employer and an employee concerning the interpretation or application of any provision of this Agreement."

{¶ 5} FOP's grievance was denied by the city. Thereafter, FOP made a demand for arbitration and the parties selected an arbitrator. The parties stipulated to the following facts:

- On March 9, 2006 the City and Union reached a Settlement Agreement/Contract Addendum and attached Memorandum.

- Thereafter, on July 24, 2009, the parties reached a Memorandum of Understanding (MOU) regarding retiree health insurance. * * *

- The MOU was not made part of any collective bargaining agreement after 2009. However, the City continued to make payments to retirees pursuant to the 2009 MOU until January 2017.

- Retired members are not part of the bargaining unit pursuant to Article II of the current Collective Bargaining Agreement.

- In 2016, the City adopted Ordinance No. 10064-2016 * * *, which mandated the payment of $100 per month for retiree health care to the class of employees noted in the ordinance (an expanded group of retirees over the 2009 MOU).

{¶ 6} During the arbitration proceeding, the city claimed that the grievance was not arbitrable. Among other arguments, the city claimed that retirees are not public employees and do not have access to the CBA's grievance procedure, that the grievance did not involve a "dispute or difference * * * concerning the application of [the CBA]," and that the MOU was never attached to the controlling CBA.

{¶ 7} The arbitrator issued a decision on February 12, 2018. In that decision, the arbitrator determined that because the parties had stipulated to his selection as arbitrator, "the parties herein clearly and unmistakably consented to the arbitrator's jurisdiction on the issue and waived the right to have the issue decided by a court, [so] this arbitrator has jurisdictional arbitrability to review the instant matter and to issue a final and binding determination as to its merits." The arbitrator proceeded to address the merits of the dispute and ultimately sustained FOP's grievance based on the 2009 MOU and past practice of the parties.

{¶ 8} On May 9, 2018, the city filed an application to vacate the arbitration award. The city claimed that the arbitrator exceeded his powers, or imperfectly executed them, "in that the award does not draw its essence from any of the contract provisions, that retirees are not even part of the bargaining unit and that the Arbitrator lacked jurisdiction (the issue was not arbitrable) in the first instance." FOP filed a competing application to confirm and enforce the arbitration award.

{¶ 9} On July 11, 2018, the trial court issued a decision that denied FOP's application to confirm and enforce the arbitration award and granted the city's

motion to vacate the arbitration award. The trial court recognized the narrow scope of review under R.C. 2711.10(D), and determined as follows:

> [The arbitrator] based his decision on the 2009 memorandum of understanding and past practice. However, the parties stipulated that the MOU was not made part of any collective bargaining agreement after 2009. The controlling CBA states that it is intended to supersede all previous agreements. If it was the parties' desire to govern retirees' health insurance reimbursement benefit in subsequent collective bargaining agreements, they could have easily done so.
>
> Additionally, retirees are not recognized as part of the union; instead, the CBA recognizes the union as the exclusive representative for current employees in the positions of patrol officers and detectives. The grievance and arbitration procedure is only available for disputes between the city and the union or the city and an employee concerning provisions of the collective bargaining agreement, *i.e.*, there is no contractual provision or attached memoranda concerning retiree health insurance reimbursement. An examination of past practice equally does not concern the interpretation or application of a provision of the parties' collective bargaining agreement.
>
> Conclusion
>
> The arbitrator's decision cannot rationally be derived from the terms of the collective bargaining agreement between the city and the union because retirees are not recognized members of the union, there is no provision in the controlling collective bargaining agreement or attached to it regarding retiree health insurance reimbursement, and the arbitrator's determination regarding past practice is not based on any term of the parties' collective bargaining agreement. Because the arbitrator exceeded his powers in violation of R.C. 2711.10(D) by deciding an issue that was not arbitrable, the union's application to confirm the arbitration award is denied and the city's application to vacate the arbitration award is granted.

{¶ 10} FOP timely appealed the trial court's decision. The matter is now before us on review.

**Law and Analysis**

{¶ 11} FOP raises two assignments of error. FOP claims that the trial court erred (1) by not confirming the award of the arbitrator pursuant to R.C. 2711.09, and (2) by finding that the arbitrator imperfectly executed his powers and vacating the arbitrator's award under R.C. 2711.10(D)

{¶ 12} R.C. 2711.09 requires a common pleas court to grant a timely application for an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [R.C. 2711.10 and R.C. 2711.11]." Upon an application to vacate the arbitration award, R.C. 2711.10 requires a common pleas court to vacate the award under limited circumstances. Applicable hereto, R.C. 2711.10(D) requires the arbitration award to be vacated when "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

{¶ 13} The Supreme Court of Ohio has held that "[w]hen reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but should review questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, ¶ 2. Whether an arbitrator has exceeded his authority pursuant to R.C. 2711.10(D) is "'a question of law'" that is reviewed de novo. *Id.* at ¶ 25, quoting *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir.2000). An arbitrator exceeds the arbitrator's authority and departs from the essence of the

collective bargaining agreement when the arbitrator's award "'conflicts with express terms of the collective bargaining agreement'" or "'is without rational support or cannot be rationally derived from the terms of the agreement.'" *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, ¶ 7, quoting *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11, AFSCME, AFL-CIO*, 59 Ohio St.3d 177, 572 N.E.2d 71 (1991), syllabus.

{¶ 14} Upon our review, we accept the trial court's findings of fact, which are consistent with the facts set forth above and included the stipulation of facts submitted by the parties to the arbitrator. We shall review de novo the trial court's decision to deny FOP's application to confirm and to grant the city's application to vacate the arbitration award upon concluding the arbitrator exceeded his powers in violation of R.C. 2711.10(D).

{¶ 15} In vacating the arbitration award pursuant to R.C. 2711.01(D), the trial court determined that the arbitrator's award was not rationally derived from the terms of the CBA. The trial court recognized that the arbitrator based his decision on the 2009 MOU and past practice of the parties. However, the trial court determined that the parties stipulated that the MOU was not part of the controlling CBA, and Article I of the CBA clearly states that the agreement is intended "to supersede all previous agreements" of the parties. Further, the trial court determined that Article II of the CBA recognizes the FOP as the exclusive representative for current employees in the positions of patrol officers and

detectives, that retirees are not recognized as part of the union, and that the dispute is not one concerning the controlling CBA.

{¶ 16} We agree with the trial court's determinations in this matter. Ohio law supports the conclusion that retirees are not subject to the grievance procedure under the CBA unless they are specifically included. R.C. 4117.01 defines a "public employee" as "any person holding a position by appointment or employment in the service of a public employer * * *." R.C. 4117.04 states that "[p]ublic employers shall extend to an exclusive representative designated under [R.C. 4117.05], the right to represent exclusively the employees in the appropriate bargaining unit * * *." In *Carter v. Trotwood-Madison City Bd. of Edn.*, 181 Ohio App.3d 764, 766, 2009-Ohio-1769, 910 N.E.2d 1088 (2d Dist.), the court acknowledged that Ohio case law follows the approach that "retirees are not bound by the grievance procedure in the collective bargaining agreement, unless they are specifically included." *Id.* at ¶ 41.

{¶ 17} The arbitrator in this case cited the Sixth Circuit decision in *Cleveland Elec. Illum. Co. v. Util. Workers Union, Local 270*, 440 F.3d 809, 815 (6th Cir.2006) in discussing the issue of arbitrability of the grievance in this matter. However, even the Sixth Circuit recognized that "[t]he presumption of arbitrability applies to disputes over retirees' benefits if the parties have contracted for such benefits in their collective bargaining agreement * * *." *Id.* at 816. In that case, "the parties clearly bargained for retirees' health benefits." *Id.* at 814.

{¶ 18} FOP's claim that the arbitrator had jurisdiction to decide the dispute and did not exceed his powers because the parties had arguably agreed to submit

the matter to arbitration misses the mark. The dispositive issue in this case is whether the arbitrator exceeded his power such that the award must be vacated pursuant to R.C. 2711.10(D). "[U]nder R.C. 2711.10(D)[,] arbitrators can exceed their powers by going beyond the authority provided by the bargained-for agreement or by going beyond their contractual authority to craft a remedy under the law." *Cedar Fair, L.P.*, 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, at ¶ 7.

{¶ 19} Moreover, "[i]n order to avoid being vacated, an arbitrator's decision challenged under [R.C. 2711.10(D)] must be rationally supported by the collective bargaining agreement or, at least be capable of being rationally derived from it." *Stow Firefighters v. Stow*, 193 Ohio App.3d 148, 2011-Ohio-1559, 951 N.E.2d 152, ¶ 34 (9th Dist.), citing *Piqua v. Fraternal Order of Police*, 185 Ohio App.3d 496, 2009-Ohio-6591, 924 N.E.2d 876, ¶ 24 (2d Dist.). In the *Stow Firefighters* case, the court found that R.C. 2711.10(D) required the trial court to vacate part of an arbitration award where the arbitrator never should have reached the merits of issues related to fitness-for-duty evaluations because there was no provision in the collective bargaining agreement that related to fitness-for-duty evaluations. *Id.* at ¶ 30-36.

{¶ 20} Likewise, the dispute in this matter cannot be said to be rationally derived from the CBA. FOP is not designated as a representative of retirees under the CBA, there are no provisions in the CBA that concern retirees' health-insurance reimbursement benefits, and Article IX limits a "grievance" to "a dispute or

difference * * * concerning the interpretation or application of any provision of [the CBA]." As was the case in *Stow Firefighters*, "[i]t does not appear that the terms of the collective bargaining agreement in this matter can 'give grounds for, make legitimate, or provide justification for, the [arbitrator's] award' in regard to the arbitrability of the grievance." *Id.* at ¶ 35, quoting *Piqua* at ¶ 26.

{¶ 21} In this case, the trial court determined that "the dispute is not one concerning the controlling [CBA], *i.e.*, there is no contractual provision * * * concerning retiree health insurance reimbursement. An examination of past practice equally does not concern the interpretation or application of a provision of the parties' [CBA]." We agree with the trial court. As was the case in *Stow Firefighters*, "the arbitrator's award failed to draw its essence from the collective bargaining agreement and the arbitrator exceeded the power the agreement afforded him." *Id.* at ¶ 36, citing R.C. 2711.10(D).

{¶ 22} Upon our de novo review, we conclude that the arbitrator exceeded his power by issuing an award that was not rationally derived from the terms of the CBA. Accordingly, we affirm the trial court's decision to vacate the arbitration award pursuant to R.C. 2711.10(D). We are not persuaded by any of the other arguments raised by FOP and overrule the assignments of error.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
RAYMOND C. HEADEN, J., CONCUR