[Cite as *Fraternal Order of Police v. Columbus*, 2022-Ohio-4102.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Fraternal Order of Police,        :
Capital City Lodge #9,

                             :

         Petitioner-Appellee,      :            No. 22AP-130
                                         (C.P.C. No. 21CV-7069)
v.                                   :

                             :       (REGULAR CALENDAR)
City of Columbus,

                             :

         Respondent-Appellant.     :

                             :

D E C I S I O N

Rendered on November 17, 2022

**On brief:** *Harshman & Wannemacher, Nicole Rager Wannemacher* and *Lathan J. Lipperman*, for appellee. **Argued:** *Lathan J. Lipperman.*

**On brief:** *Zach Klein*, City Attorney, *Paul M. Berhnart* and *Susan E. Williams*, for appellant. **Argued:** *Paul M. Bernhart.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Respondent-appellant, City of Columbus ("City"), appeals the January 25, 2022 decision of the Franklin County Court of Common Pleas granting the motion filed by Petitioner-appellee, Fraternal Order of Police, Capital City Lodge #9 ("FOP"), to confirm an arbitration award and denying respondent's motion to vacate that same arbitration award.

{¶ 2} This case concerns the decision by the City's Department of Public Safety to contract with the law firm of BakerHostetler and authorize the firm to conduct administrative investigations into over one thousand citizen complaints filed against the Columbus Division of Police for excessive force during the protests that occurred in

Columbus between May 28 and June 3, 2020. The FOP filed labor contract grievances on June 7, 2020 and July 23, 2020 regarding the City's decision to employ BakerHostetler for this purpose, arguing that it violated Article 2.7, 8, 9, and 19.4 of the FOP's Collective Bargaining Agreement ("the CBA") with the City.

{¶ 3} The case proceeded through arbitration, and on November 3, 2021, the arbitrator issued an award ruling that the CBA "specifies the entities that may investigate 'allegations that could result in disciplinary action against a member,' " and that the use of "an Independent Contractor to perform investigative duties assigned to the Internal Affairs Bureau violates Article 8" of the CBA, and that further "Article 19 [of the CBA] precludes the subcontracting of law enforcement duties," including internal investigations. The arbitrator sustained the grievances and directed the City to "cease and desist from using an Independent Contractor to perform internal investigations." (Opinion & Award, Grievance Nos. 23-2020 & 26-2020, filed as Ex. C to Petitioner's Mot. to Confirm Arbitration Award.) On November 8, 2021, the FOP filed its motion to confirm the arbitration award, and November 22, 2021, the City filed a memo responding and a motion to vacate the arbitration award. On January 25, 2022, the Common Pleas Court overruled the motion to vacate and granted the motion to confirm, concluding that it "does not find that the Arbitrator exceeded her authority nor that the Award violates public policy," that there was nothing in the record "demonstrating the Arbitrator exceeded her powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made," and that the City "does not point to any specific instances of public policy violations or specific public policies at issue." (Jan 25, 2022 Decision & Entry at 4.) This appeal followed, and the City asserts two assignments of error with the trial court's judgment:

> [I.] The Trial Court Erred by Granting Appellee's Motion to Confirm Arbitration Award.
>
> [II.] The Trial Court Erred by Denying Appellant's Motion to Vacate Arbitration Award.

These two assignments of error present two sides of the same question, and we will address them together.

{¶ 4} Ohio law favors arbitration and reviewing courts only have limited authority to vacate an arbitrator's award. Under R.C. 2711.10, a court may vacate an arbitration

award only on the grounds of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his or her authority. The language of the parties' contract determines the parameters of an arbitrator's authority, and an arbitrator exceeds his or her authority in rendering an award if the award does not draw its essence from the collective bargaining agreement.  Such an award departs from the essence of the collective bargaining agreement when it conflicts with the express terms of the agreement or is without rational support or cannot be rationally derived from the terms of the agreement.  *See State v. FOP of Ohio, Inc.*, 10th Dist. No. 16AP-457, 2017-Ohio-1382, ¶ 17-19; *Franklin Cty. Sheriff v. Teamsters Local No. 413*, 10th Dist. No. 17AP-717, 2018-Ohio-3684, ¶ 17-19. *See generally Ohio Patrolmen's Benevolent Assn. v. Findlay*, 149 Ohio St.3d 718, 2017-Ohio-2804, ¶ 16, quoting *Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, ¶ 7 ("Arbitrators act within their authority to craft an award so long as the award 'draws its essence' from the contract—that is, 'when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful.' ").

{¶ 5}    But despite this limit on the parameters of the court's review, we apply mixed standards when analyzing an arbitration. "When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous *but should review questions of law de novo*." (Emphasis added.) *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 220, 2018-Ohio-1590. And "[t]he question whether an arbitrator has exceeded his authority is a question of law." *Id*. at ¶ 25, quoting *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir.2000).  The *Portage* standards of review apply to law enforcement labor disputes.  *See Brook Park v. FOP*, 8th Dist. No. 108879, 2020-Ohio-3035, ¶ 13.  Accordingly, the limited question that can be reviewed in this appeal is whether the arbitrator's decision draws its essence from the contract—but that limited question is reviewed de novo.

{¶ 6}    To analyze this question, we have thoroughly reviewed the arbitrator's decision and the record, and have identified two provisions of the collective bargaining agreement between the parties that are particularly relevant:

ARTICLE 8 – INTERNAL INVESTIGATIONS PROCEDURES

8.1 Scope

This Article is designed to address the procedures used for internal investigations of members. This Article shall apply to the investigation of allegations that could result in disciplinary action against a member. Internal investigations shall be conducted by the chain of command, by the Equal Employment Opportunity Office (EEO), and/or by personnel assigned to the Internal Affairs Bureau. Should the Office of the Public Safety Director conduct an investigation, members shall be afforded the rights applicable in an Internal Affairs Bureau investigation. The term investigator refers to the individual(s) conducting the investigation. The term "Lodge Representative" refers to a Lodge officer, Lodge Grievance Chairperson or Lodge Representative, or Lodge-designated attorney.

* * *

ARTICLE 19 – MISCELLANEOUS

19.4 Contracting Out/Civilia[n]ization

The City agrees not to hire any additional Public Safety Officers and further agrees not to contract out or civilianize any law enforcement duties performed by members of the bargaining unit(s) unless such matters are first discussed in good faith with the Lodge at a Labor Relations Committee meeting; If, after the Labor Relations Meeting, the City decides to proceed with the contracting out or civilianization of any law enforcement duties, the Lodge may utilize the arbitration procedure and any other relevant provisions of this Contract to contest the propriety of the decision to contract out.

{¶ 7} We express no opinion as to the policy merits of the arbitrator's decision, but reading Article 8.1 and 19.4 together, we hold that the arbitrator could rationally conclude that under those provisions, the Department of Public Safety is authorized to conduct investigations but that the Department of Public Safety must obtain the prior agreement of the FOP before using outside contractors for law-enforcement purposes. In response, the City argues that it is at best unlikely that internal affairs officers could have completed any serious investigations of the one thousand misconduct complaints within the required time frames, even if there were no conflicts of interest or other issues that would delay those investigations. But the record demonstrates that BakerHostetler itself only used two

attorneys in evaluating and investigating the complaints, seriously undermining the City's contention. Without specifically arguing such, the City seems to be asserting an impossibility of performance defense to the contract's terms; but of course, the limited resources allocated to the project by BakerHostetler demonstrate the weakness of that argument.

{¶ 8} The City next contends that "administrative investigations" of the complaints do not constitute "law enforcement duties" under Article 19.4 of the collective bargaining agreement, and therefore that the Department of Public Safety was not precluded from hiring an outside contractor to conduct these investigations. The City asserts that the arbitrator "failed to distinguish between criminal investigations and administrative investigations when she determined that the investigations of citizen complaints were law enforcement duties." (Reply Brief of Appellant at 9.)  But of course, since that distinction is not present in the contract and was established by the course of dealing between the parties, it was not incumbent on the arbitrator to create it.

{¶ 9}  In sum, our review of the record—specifically including the trial court's decision to confirm the arbitrator's award, the award itself, the CBA, and the supporting materials and arguments submitted by the parties—we cannot say that the arbitrator exceeded her authority by concluding that the agreement precluded the City from using an outside contractor to conduct investigations into the complaints, as her decision is rooted squarely in the language of the CBA.  For that reason, the trial court's decisions to grant the FOP's motion to confirm the arbitration award and deny the City's motion to vacate the award were not erroneous.

{¶ 10} Accordingly, we overrule the City's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and MCGRATH, JJ., concur.

———————————